[No. 31746. Department Two. August 24, 1951.]

RICHARD SCHULTZ, *Appellant*, v. THE CITY OF PASCO, *Respondent*.[1]

[1]Reported in 235 P. (2d) 168.

*Edward G. Cross*, for appellant.

*Orville B. Olson*, for respondent.

MALLERY, J.—The plaintiff made claim for wages due and owing, as a police officer of the city of Pasco. It was rejected. This is an action brought on the claim.

The chief issue of the trial was whether or not the plaintiff had been legally separated from the police force of the city of Pasco. The trial court entered judgment for the city, but awarded plaintiff a hearing before the civil service commission upon the merits of the charges made against him by a letter dated June 28, 1948. The plaintiff appeals.

As an employee under the classified civil service of the city of Pasco, appellant's discharge is governed by Rule IX, § 2, of the "General Rules and Regulations of the Civil Service Commission of the City of Pasco," which reads as follows:

"No person in the Classified Civil Service who shall have been permanently appointed or inducted into Civil Service under the provisions of said acts shall be removed, suspended, demoted or discharged, except for cause, and only upon the written accusation of the appointing power, or any citizen or tax-payer; a written statement of which accusation in general terms shall *be served* upon the accused

and a duplicate filed with the Commission. . . . " (Italics ours.)

This case turns upon the question of what constitutes *service* under the foregoing provisions, which are substantially identical with Rem. Rev. Stat. (Sup.), § 9558a-9. It should be stated at the outset that service in such a case means the same as *service of civil process.* Indeed, respondent concedes this point, but contends that there was substantial compliance with the ordinance, and that, in any event, the appellant waived *service* of the accusation by *appearing* in the proceeding.

On April 6, 1948, appellant received a letter by mail from the mayor of Pasco informing him of his suspension. On April 13, 1948, he received a second letter, which amended or amplified the first one. He then requested and was granted a hearing on April 19, 1948, before the civil service commission. He was represented by counsel and appeared specially for the purpose of objecting to the jurisdiction of the civil service commission, upon the grounds that there had been no *service* of the accusation upon him, and that the accusation was insufficient to justify a discharge. His objections were overruled, the commission proceeded to hear the matter and confirmed his suspension. The plaintiff then appealed to the superior court.

On June 22, 1948, the court reversed the decision of the commission by a general order. It was stipulated, however, that the reversal was based upon the grounds that the notice of suspension had not been *served,* and that the accusation was insufficient. No appeal was taken from this judgment. It, therefore, became *res judicata* as to the employment status of appellant up to that time. The prior civil service commission hearing of April 19, 1948, was invalidated for all purposes.

Thereafter, on June 28, 1948, the mayor of Pasco sent a letter to the appellant again advising him that he was suspended. He enclosed a copy of the accusations, which are admitted to be legally sufficient as a statement of charges against appellant. This letter was sent by registered mail,

and the appellant signed a delivery receipt for it. It will be noted again that the city did not *serve* the appellant in the manner prescribed for the service of civil process.

On July 2, 1948, appellant deposited a letter, in the letter box at his residence, demanding a hearing upon the new accusations. It was never received by the civil service commission. No hearing was had. On June 19, 1948, appellant filed a claim with the city for his salary, which was denied. This second superior court action was then brought by appellant on his claim for wages.

After the trial on August 16, 1949, the trial judge died before rendering his decision. The case was submitted on the record by stipulation to the instant judge, who filed a decree in December, 1950.

■ The respondent, while conceding that appellant was not *served*, contends that the commission acquired jurisdiction of his person and of the accusation, by his appearance and participation in the hearing before the civil service commission on April 19, 1948. This contention is without merit. The judgment of June 22, 1948, was *res judicata* as to the invalidity of the only civil service hearing had. Thus, the mayor's letter of June 28, 1948, purporting to serve notice of his suspension, is a new action and not a continuation or amendment of a pending accusation.

■ Even if we could hark back to the invalid hearing, respondent would be confronted with appellant's special appearance therein, in which he objected to the jurisdiction of the civil service commission on the ground that there had been no *service*. His subsequent defense on the merits in that hearing, did not waive his special appearance. See *Matson v. Kennecott Mines Co.*, 103 Wash. 499, 175 Pac. 181.

■ Since jurisdiction to sustain a discharge was not obtained by the letter of June 28, 1948, it not being proper *service*, the appellant was not legally separated from the police force.

The record herein shows that, up to the time of the trial, appellant had held himself ready to perform the

services of his position. He is, therefore, entitled to his wages until then.

The judgment is reversed, and the trial court is directed to enter judgment according to this opinion.

SCHWELLENBACH, C. J., GRADY, HAMLEY, and WEAVER, JJ., concur.