[No. 35104.   Department Two.   October 6, 1960.]

VESPER CROSTHWAITE, *Respondent*, v. JOHN C. CROSTHWAITE, *Appellant*.[1]

*Johnson, Jonson & Inslee (Carl A. Jonson* and *Evan E. Inslee,* of counsel), for appellant.

*Heckendorn & McNair,* for respondent.

WEAVER, C. J.—Plaintiff wife (respondent) and defendant husband (appellant) were married in 1923 and separated in 1941. In contemplation of divorce, they entered into a carefully drafted six-page "Settlement Agreement," dated September 2, 1944, that defines the rights of the parties.

[1]Reported in 358 P. (2d) 978.

Since this agreement is the basis of the present action, we set forth its pertinent provisions. The agreement provides, *inter alia*,

"1. John C. Crosthwaite does hereby agree to pay to Vesper Crosthwaite on the first day of each month, or within ten days thereafter, begining October 1, 1944, the sum of One Hundred Seventy-Five dollars ($175) per month *so long as she might live, or until her remarriage, as and for alimony, which payment is to be in full and in lieu of all allowances for clothing and other necessaries for herself.* (Italics ours.)

" . . .

"4. The said John C. Crosthwaite now carries life insurance upon his life. It is agreed in respect to said policies of insurance as follows: a policy in the face amount of Ten Thousand Dollars ($10,000) endowment at age 62, . . . shall be made irrevocably payable in full to the said Vesper Crosthwaite as primary beneficiary in the event of the death of the said John C. Crosthwaite prior to his reaching the age of 62. [Further provisions of this section are not pertinent to this opinion.]

" . . .

"7. This agreement is made between the parties hereto subject to the approval of the court in the jurisdiction wherein the said Vesper Crosthwaite has filed an action for divorce against the said John C. Crosthwaite, and is further contingent in its effect upon the granting of a divorce between the parties in said action.

"8. It is understood between the parties hereto that said John C. Crosthwaite's pay as a Colonel of the United States Army Air Force is at present Four Hundred Thirty-three Dollars and Thirty-three Cents ($433.33), plus fifty percent (50%) thereof as flight pay, making a total of Six Hundred Fifty Dollars ($650) per month. That his permanent rank is that of Major, and that it is contemplated that upon the cessation of hostilities said John C. Crosthwaite will be reduced in rank, and that there is a probability of a cessation of his flight pay allowance. That in lieu thereof, it is further agreed that in the event of any reduction in pay of the said John C. Crosthwaite, that the payments as provided for in Paragraphs 1 and 2 hereof [Paragraph 2 provides for support of an adopted son whose rights are not involved in this action], *shall be proportionately reduced,* and in the event that the temporary or permanent rank of the said John C. Crosthwaite shall be raised, or in the event that his income

is increased, *the payments as provided in Paragraphs 1 and 2 hereof shall be proportionately increased.*" (Italics ours.)

September 4, 1944, the Superior Court of Cook County, Illinois, entered a decree of divorce. The recital portion of the decree states:

" . . . that the parties hereto have entered into a settlement agreement, an executed copy of which is attached to the certificate of evidence as Exhibit A, the provisions of which are hereby approved, . . . "

The decretal portion of the order dissolves the bonds of matrimony; it does not order John C. Crosthwaite to do anything.

November 4, 1944, defendant husband married his present wife. He continued in the military service at various stations in the United States and overseas until his retirement January 31, 1957, with the rank of Brigadier General. He paid $175 per month to the plaintiff until October, 1956. He has made no payments since that time and has refused to provide information showing increases in his income. He also has refused to maintain one of the life insurance policies as required by the separation agreement.

Since his retirement, defendant has received in excess of $700 per month from the United States government "as medical disability and retirement benefits." In addition, he has received approximately $700 per month wages from the Boeing Airplane Company. All real and personal property is held in the name of his present wife.

Plaintiff wife has not remarried. She has been employed in modest positions. She inherited some income-producing investments from her mother.

August 2, 1957, plaintiff petitioned the King County superior court to register her Illinois divorce decree, pursuant to RCW 6.36. September 5, 1958, the initial registration of the Illinois decree was set aside by the superior court; it was not entitled to registration for it did not require defendant to pay alimony to the plaintiff. There was no appeal, as provided by RCW 6.36.110.

July 8, 1958, plaintiff commenced this action upon the "Settlement Agreement" of 1944. Specifically she seeks:

(1)  an accounting of sums due under the contract;

(2)  a decree of specific performance ordering defendant to pay the sums due under the contract;

(3)  a decree of specific performance ordering defendant to pay all future installments as they become due under the contract; and

(4)  an order directing defendant to reinstate the life insurance policy described in the contract and name plaintiff as irrevocable primary beneficiary.

October 21, 1958, plaintiff moved for summary judgment. The parties submitted voluminous affidavits, depositions, interrogatories, and answers. The transcript and supplemental transcript on appeal contain two hundred fifty-three pages.

After extensive arguments and several continuances, the trial court, Judge Revelle presiding, entered findings of fact, conclusions of law, and an "Order on Summary Judgment" on January 5, 1959. It is from this order that defendant husband appeals.

Since the nature of the January 5, 1959, "Order on Summary Judgment" is the crux of this appeal, we analyze it in some detail.

The recital portion of the order provides

"  .  .  .  that there is no issue herein as to any material fact relating to the Separation Agreement and its provisions, the amount of support, and the performances presently due to the Plaintiff by the Defendant, or the right of the Plaintiff to have an Order of specific performance from this date forward of all provisions of the Agreement, except that evidence should be received and further facts should be determined with respect to the circumstances of the parties to permit the Court to decide if any or all or how much of the basic payment of $175 per month as adjusted by paragraph 8 of the Agreement, the Court, in the exercise of its equity jurisdiction, *will specifically order be paid by Defendant each month in the future.*" (Italics ours.)

This recital is based upon a provision of the settlement

agreement and a finding of the trial court that payments under the contract were "as and for alimony."

We notice three parts of the decretal portion of the order. First: it.

". . . awarded Judgment against the Defendant individually in the amount of $15,218.69, as and for alimony and support due from Defendant to Plaintiff until December 1, 1958."

In accordance with paragraph eight of the settlement agreement, quoted *supra*, the trial court found that the $175 monthly payment was 21/78ths of defendant's income at the time the agreement was executed. The amount of the money judgment was computed by the trial court from the record before it by determining defendant's income during the period involved, taking 21/78ths of it, and crediting the sums paid during the period. It should be noted that the order does not specifically direct defendant to pay the sum thus accumulated.

Second: the order

". . . specifically ordered [defendant] to immediately establish and maintain Plaintiff as the irrevocable primary beneficiary under the foregoing policy as provided in the Separation Agreement; . . ."

Third: the order directed the defendant to carry out the terms of the separation agreement

". . . except that the monthly payment if any which Defendant shall be specifically ordered to pay shall be specified after the trial herein, the sole issue of which trial shall be the fixing of the amount to be enforced by an Order of Specific Performance."

Rule of Pleading, Practice and Procedure 56(a), RCW Vol. 0, provides:

"A party seeking to recover upon a claim . . . may . . . move . . . for a summary judgment in his favor *upon all or any part thereof.*" (Italics ours.)

Although plaintiff's motion for summary judgment is directed to all of the issues, it is apparent that this case was not fully adjudicated on the motion for summary judgment, for the order we are considering left one issue

for determination "after the trial herein." The issue remaining is "the monthly payment if any which Defendant shall be specifically ordered to pay" in the future.

This narrows our consideration to a determination of the nature and status of those portions of the order which (1) purport to grant judgment for $15,218.69 and (2) which purport to grant specific performance for reinstatement of the life insurance policy.

Rule of Pleading, Practice and Procedure 56(d), RCW Vol. 0, provides:

"If on motion under this rule *judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary*, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action, the facts so specified shall be deemed established, and the trial shall be conducted accordingly." (Italics ours.)

Quaere: Are the money judgment and the order for specific performance a "final judgment" (and thus appealable) upon a part of plaintiff's claim, pursuant to Rule 56(a), or are they simply an interlocutory summary adjudication of established facts (as distinguished from a judgment), pursuant to Rule 56(d), quoted *supra*?

█ The order, contemplated by Rule 56(d), is in the nature of a pretrial non-appealable order establishing certain facts that shall be deemed established for the trial of the case.

" '. . . This adjudication is more nearly akin to the preliminary order under Rule 16, and likewise serves the purpose of speeding up litigation by eliminating before trial matters, wherein there is no genuine issue of fact.' " 3 Barron and Holtzoff, Federal Practice and Procedure (Wright ed. 1958), § 1241, p. 190.

Another authority states it thus:

."It has been pointed out that Rule 56 provides for a 'partial summary judgment', namely, a summary judgment that is not rendered upon the whole case or for all the relief asked; but that the term 'partial summary judgment' is usually a misnomer, and that a more accurate term would be an interlocutory summary adjudication. The first edition of the Treatise stated:

." "Since Rule 54(a) defines "judgment" as used in the Federal Rules as including a decree and "any order from which an appeal lies," *it might be contended that a partial summary judgment rendered under Rule 56 is, by virtue of the definition in Rule 54(a), an appealable judgment. But this contention fails for two reasons:*

" '1.  Rule 56(d) expressly provides the procedure for dealing with a partial summary judgment. *It is clear from Rule 56(d) that a partial summary judgment is not a final judgment,* [nor appealable unless this particular interlocutory order is made appealable by statute,] *but is merely a pre-trial adjudication that certain issues in the case shall be deemed established for the trial of the case.* Such an adjudication is on a par with the preliminary order formulating issues under Rule 16.

" '2.  As pointed out in the discussion of Rule 54(b), it was the policy of the draftsmen of the Federal Rules to continue the policy under the former practice of not allowing interlocutory appeals, except where specifically provided for by a statute of the United States.'

"This position is fully sustained by the courts and by the Advisory Committee. *Rule 56 is not intended to affect appellate jurisdiction. It does not make any interlocutory order appealable.*" 6 Moore's Federal Practice (2d ed.) 2311 (1958). (Italics ours.)

■ Appeals may not be brought piecemeal unless clearly authorized by law. *Owens v. Kuro, ante* p. 564, 354 P. (2d) 696 (1960), and cases cited; see *Maybury v. Seattle,* 53 Wn. (2d) 716, 336 P. (2d) 878 (1959). The reasons for the rule are obvious. To permit fragmentary appeals would delay the administration of justice, to the detriment of litigants, and would throw an unnecessary burden on appellate courts.

There is no denial of ultimate appellate review, for, upon appeal from a *final* judgment in a cause, this court

" . . . will review any intermediate order or determination of the superior court which involves the merits and materially affects the judgment, appearing upon the record sent from the superior court." Rule on Appeal 17, RCW Vol. 0.

The same review is also assured by Rule on Appeal 14(1), RCW Vol. 0.

Subsequent proceedings in this litigation are illustrative.

Relying upon the order of January 5, 1959, plaintiff garnished defendant's salary. His present wife intervened in the garnishment action. The issues thus raised, together with the issue reserved for trial by the order of January 5, 1959, were tried before Judge Douglas.

July 17, 1959, the court "affirmed" the order of January 5, 1959, and incorporated it in a decree that was final; it resolved *all* issues in this litigation. There has been no appeal from the decree of July 17, 1959; had there been, *all* issues would have been properly before this court.

We conclude that the order of January 5, 1959, was an interlocutory summary adjudication upon a portion of plaintiff's claims, entered pursuant to Rule of Pleading, Practice and Procedure 56(d), RCW Vol. 0. This rule does not make an interlocutory order appealable; therefore, the appeal must be dismissed.

It is unfortunate that Rule of Pleading, Practice and Procedure 42(b) (Federal Rule 54(b)) was not in force January 5, 1959. It would have permitted the trial court to direct a *final* appealable judgment upon one or more, but less than all, of plaintiff's claims under certain conditions set forth in the rule. Rule 42(b) did not become effective until January 1, 1960; hence it has no application to the instant case.

The appeal should be dismissed. It is so ordered.

HILL, FINLEY, ROSELLINI, and FOSTER, JJ., concur.

January 25, 1961. Petition for rehearing denied.