**H. L. MOORE, Plaintiff-Appellee-Cross Appellant,**

v.

**J. C. KNOWLES et al., Defendants-Appellants-Cross Appellees.**

**No. 71-3523.**

United States Court of Appeals, Fifth Circuit.

Sept. 11, 1972.

**532**

R. A. Wilson, Underwood, Wilson, Sutton, Heare & Berry, Amarillo, Tex., for defendants-appellants.

A. B. Hankins, Gibson, Ochsner, Adkins, Harlan & Hankins, Amarillo, Tex., for cross-appellee Robert Gallaway.

Larry Watts, John G. Abbott, Houston, Tex., Stephen J. Pollak, Shea & Gardner, Washington, D. C., for appellee-cross-appellant.

Before WISDOM, THORNBERRY and GODBOLD, Circuit Judges.

PER CURIAM:

█ In this case the District Court, 333 F.Supp. 53, awarded back pay for the 1970–71 school year, and attorney fees, to a Texas eighth grade teacher on the basis that while he lacked tenure he had an expectancy of employment, so that the school board's failure to give him a hearing on its refusal to renew his contract for 1970–71 year was a violation of due process. The board's action originated from the assertion by female pupils to law enforcement officers that the teacher had engaged in or attempted misconduct of a sexual nature. Those assertions led to grand jury indictments on four charges against the teacher: two separate charges of aggravated assault and battery and one of contributing to delinquency of a minor, all allegedly relating to one child; one charge of assault with intent to rape and indecent exposure, allegedly concerning another child. Since the District Court's decision the Supreme Court has decided in Perry v. Sindermann, 408 U. S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), that a mere expectancy of employment does not necessitate a hearing. The judgment for the teacher for back pay and attorney fees must be reversed.

█ By cross appeal the teacher questions his suspension, with pay, from teaching duties, which the school board without formal hearing imposed on him in the middle of the 1969–70 school year for the remainder of that year, after the assertions by the female pupils came to light. The suspension did not violate the school system's own procedures. The District Court concluded, after balancing the considerations involved, including the nature of the charges and their seriousness and the board's responsibilities to all pupils and their parents, that the board did not violate due process by removing the teacher from his classroom teaching assignment without conducting a formal hearing. We are not able to say the District Court

erred in its conclusion. Cafeteria and Restaurant Workers Union, Local 473, AFL–CIO v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961).

Since the suspension and the board's refusal to renew his contract for the following year the teacher has been tried and acquitted on one of the criminal charges, but that cannot alter the outcome of this case.

As to the appeal, reversed. As to the cross-appeal, affirmed. Costs must be taxed against the appellee-cross appellant.