[No. 1668-1.     Division One.     October 29, 1973.]

DALE A. MCANULTY, *Respondent,* v. SNOHOMISH SCHOOL DISTRICT No. 201, *Appellant.*

*Robert E. Schillberg, Prosecuting Attorney, Darrell L. Syferd* and *Elmer E. Johnston, Jr., Deputies,* for appellant.

*Bovy, Graham, Cohen & Wampold* and *Norman W. Cohen,* for respondent.

FARRIS, J.—Snohomish School District No. 201 appeals the trial court's award of damages to Dale McAnulty, a teacher, in his action for improper discharge from employment.

On June 3, 1970, McAnulty, then a fifth-grade teacher for the predecessor of Snohomish School District No. 201, was informed by letter that he had been discharged by the school board. Thomas P. Graham, an attorney, replied to this discharge letter over McAnulty's signature informing the board that he would represent McAnulty, requesting a hearing, and asking that all further communication in this matter be directed to him. Subsequent to the hearing, at which Graham represented McAnulty, the board offered McAnulty a new contract subject to certain rules of conduct. The board received a letter signed by both Graham and McAnulty, dated August 5, 1970, which accepted the contract and agreed to abide by its conditions.

On September 22, 1970, Paul Carboneau, the principal of McAnulty's school, sent a letter to McAnulty concerning his alleged violation of one of the conditions of the contract. Graham responded to that letter for McAnulty.

On November 19, 1970, the board determined that there was cause to discharge McAnulty. The next day Carboneau called McAnulty to his office and told him without elaboration not to return to work on Monday; he would be sent an explanatory letter. Carboneau wrote a letter (salutation to McAnulty) dated November 20, 1970, detailing the reasons for his discharge. A copy of that letter was sent by registered mail to Graham, but neither the original nor a copy

was ever mailed to McAnulty. On November 25, 1970, McAnulty went to Graham's office and there read Graham's copy of the discharge letter.

McAnulty filed suit in Snohomish County Superior Court for damages arising from his discharge. The court found that McAnulty had not been served with notice of discharge within the meaning of RCW 28A.58.450, and for that reason entered judgment for McAnulty. This appeal followed.

We first consider the school district's contention that McAnulty was served with notice of discharge within the meaning of RCW 28A.58.450, which provides that a school board finding probable cause for the discharge of an employee

> shall notify such employee in writing of its decision, which notification shall specify the probable cause or causes for such action. Such notices shall be served upon that employee personally, or by certified or registered mail, or by leaving a copy of the notice at the house of his . . . usual abode . . .

The school district argues that since McAnulty had designated Graham as his agent to receive service, was immediately orally informed of his discharge, and within a week read Graham's copy of the discharge notice, the statutory service requirements were met. The record establishes that Graham had acted as McAnulty's attorney in the matter of the June 1970 discharge. McAnulty had requested at that time that further communication "in this matter" be directed to Graham. Exhibit No. 9. The school district argues that McAnulty was discharged primarily for violations of the probationary contract which was the upshot of that June discharge, and that the November 1970 discharge was part of the earlier discharge. Therefore, the school district argues, Graham continued to be McAnulty's agent and service on him was good service on McAnulty.

The trial court found that McAnulty was not served with notice of his discharge either personally or by certified or registered mail. That fact is not disputed. The court also

found that the matter of the June 1970 discharge had terminated and that the November 1970 discharge was a new matter. We may not substitute our own findings of fact for those of the trial court, if there is substantial evidence to support those findings. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). Here, the trial court reasonably found that the November 1970 discharge was a different, if related, matter from the June 1970 discharge. Neither McAnulty nor Graham had a duty to give notice of the termination of the agency, since the school board had an absolute statutory duty to serve McAnulty himself unless the November 1970 discharge was in fact the culmination of the single matter of the June 1970 discharge.

■■ The school district argues that even if Graham was not McAnulty's agent, RCW 28A.58.450 is not a service statute and under the circumstances its intent was satisfied by the actual notice of his discharge that McAnulty received. In *State ex rel. Miller v. Tacoma,* 177 Wash. 689, 33 P.2d 88 (1934), the court held that where an employee had received actual notice of the reasons for his discharge, the purpose of the statutory notice requirements had been satisfied despite deviations from the letter of the statute and the discharge was upheld. However, the statute at issue in *Miller* provided only for the furnishing of a statement in writing of the reasons for his discharge to a discharged employee. Here, RCW 28A.58.450 explicitly provides that notice of the reasons for discharge shall be *"served* upon that employee . . ." (Italics ours.) Where a statute explicitly requires service and spells out the allowable methods for accomplishing such service, no deviation can be excused by the giving of actual notice; *cf. Schultz v. Pasco,* 39 Wn.2d 262, 235 P.2d 168 (1951).

McAnulty cross-appeals for a jury trial, for an increase in attorney fees, for an increase in damages beyond the trial court's award of the remainder of his 1970-71 teaching salary, for reversal of the trial court's summary judgment

on his claim of defamation and interference with contractual relations, and for double damages under RCW 49.52.070.

In view of the ruling of this court on the discharge question, the jury trial issue is moot.

The grant or denial of attorney fees is within the sound discretion of the trial court. *Lande v. South Kitsap School Dist. 402*, 2 Wn. App. 468, 469 P.2d 982 (1970). We find no abuse of discretion in the award made.

Although an improperly discharged teacher should recover all damages caused by his discharge, *Foster v. Carson School Dist. 301*, 63 Wn.2d 29, 385 P.2d 367 (1963), the mere expectancy of employment is not sufficient to award contract damages for the distant future. *Moore v. Knowles*, 466 F.2d 531 (5th Cir. 1972). Here the trial judge's award of the balance of the year's wages was a reasonable limitation of recovery.

The award of partial summary judgment on September 3, 1971, on the issue of defamation and interference with contractual relations was a final order within the meaning of CR 54(b). *See Crosthwaite v. Crosthwaite*, 56 Wn.2d 838, 358 P.2d 978 (1960). No appeal was taken from that order until May 15, 1972; it is now barred under CAROA 33(1).

Finally, RCW 49.52.070, the double damages statute, does not apply here. That statute provides double damages only for a willful withholding of wages. There is no testimony in the record to indicate that appellant school district did not have a genuine belief that McAnulty had been legitimately discharged and thus that his wages could properly be discontinued. An employer does not willfully withhold wages within the meaning of RCW 49.52.070 where he has a bona fide belief that he is not obligated to pay them. *See State ex rel. Nilsen v. Lee*, 251 Ore. 284, 444 P.2d 548 (1968). Here there was no willful wrongdoing; RCW 49.52.070 does not apply.

Affirmed.

SWANSON, C.J., and CALLOW, J., concur.