**H. L. MOORE, Plaintiff-Appellant,**

**v.**

**J. C. KNOWLES, Individually and in his official capacity as superintendent of the Borger Independent School District, et al., etc., Defendants-Appellees.**

No. 74–3252.

United States Court of Appeals,
Fifth Circuit.

April 28, 1975.

Larry Watts, Houston, Tex., for plaintiff-appellant.

A. B. Hankins, Amarillo, Tex., for Robert Gallaway.

R. A. Wilson, Amarillo, Tex., for School Trustees.

Before GOLDBERG, CLARK and GEE, Circuit Judges.

PER CURIAM:

On January 7, 1970, without a hearing, appellant H. L. Moore was suspended from teaching eighth-grade subjects in the Borger, Texas, school system after female students accused him of improper advances. Between then and now, to his misfortune, the law governing such matters has undergone a period of rapid clarification and development. The shocks of this have registered upon the body of his case and, largely owing to them, it remains before the courts.[1] The parties now agree, however, that at this stage of the case all has worn away save one narrow issue: had Moore a "property" interest in his job, in the *Sindermann*[2] sense, so that the hearing required by procedural due process was necessary to his dismissal? This, in turn, boils down to job tenure, and informal tenure at that, since it is undisputed that Moore's only formal contract was a writ-

---

1. In middle 1970, it appeared, as noted by Judge Wisdom in our opinion on an earlier appeal of this case 482 F.2d 1069, 1072 (5th Cir. 1973), that a reasonable expectancy of reemployment might suffice as a basis for requiring procedural due process in dismissals. The earlier trial of this matter, 333 F.Supp. 53 (N.D.Tex.1971), proceeded upon this premise; and judgment in it was reversed, upon the handing down of Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), by an opinion of this court reported at 466 F.2d 531 (5th Cir. 1972).

Obedient to *Sindermann,* that opinion disavowed the so-called "mere expectancy" rule. On rehearing, after further consideration, that opinion was withdrawn and another, reported at 482 F.2d 1069, substituted, by which a remand was ordered to permit Moore to attempt to show a property interest under the newly-declared *Sindermann* liberty-property interest rubric. It is from this second trial below that this appeal proceeds.

2. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

ten one for a one-year term, long ago paid out and satisfied. The court below concluded he did not. Agreeing, we affirm upon the basis of its opinion, reported at 377 F.Supp. 302 (N.D.Tex. 1974).

Affirmed.