EMBRY, Justice.
This appeal by Lillian W. Thomas is from a judgment entered upon a jury verdict in favor of Freeman Wrecking Company, Inc., which as a matter of law is a judgment in favor of the third party defendant, City of Prichard. Mrs. Thomas brought this action against Freeman Wrecking for compensatory and punitive damages for trespass after warning because it demolished a dwelling house belonging to her.
The City of Prichard sought to condemn Mrs. Thomas’s property under authority of Act 705, 1975 Acts of Alabama. That Act was adopted prior to this court’s decision in Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978), which presumably accounts for its not being challenged under the Peddycoart rationale. The provisions of the Act pertinent to this case read:
“Section 1. Any city of the State having a population of more than 41,000 and less than 45,000 inhabitants according to the most recent federal decennial census shall have authority after notice as provided herein, to move or demolish buildings and structures, or parts of buildings and structures, party walls and foundations when the same are found by the governing body of the city to be unsafe to the extent of being a public nuisance from any cause.
“Section 2. The term ‘appropriate city official’ as used in this Act shall mean any city official or city employee designated by the mayor or other chief executive officer of a city coming under the provisions of this Act as the person to exercise the authority and perform the duties delegated by this Act to the ‘appropriate city official’. Whenever the appropriate city official of such city shall find that any building, structure, part of building or structure, party wall or foundation situated in any such city is unsafe to the extent that it is a public nuisance, such official shall give the person or persons, firm, association or corporation last assessing the property for state taxes notice by personally serving upon such person, firm, association or corporation a copy of said notice to remedy the unsafe or dangerous condition of such building or structure, or to demolish the same, within a reasonable time set out in said notice, which time shall be not less than sixty days or suffer such building or structure to be demolished by such city and the cost thereof assessed against the property. In the event that such personal service is returned ‘Not Found’ after not less than two attempts, such notice may be given by registered or certified mail. The mailing of such registered mail notice, properly addressed and postage prepaid, shall constitute notice as required herein. Notice of such order, or a copy thereof, prior to the delivery or mailing of the same as required by the immediately preceding sentence, shall also be posted at or within three feet of an entrance to the building or structure, *970 provided that if there is no entrance such notice may be posted at any location upon such building or structure.” (Emphasis added.)
Background events leading to this action began about 12 February 1976 when Ray-ford Summers of the City of Prichard’s Inspection Department inspected a vacant house located at 415 West Main Street and found it unsafe and unfit to live in, according to his judgment. He posted a condemnation notice on the building directed to Thomas Realty Company as owner of the property. That notice stated:
“YOU ARE HEREBY NOTIFIED THAT THE ABOVE DESCRIBED STRUCTURE, PARTY WALL OR FOUNDATION HAS BEEN FOUND TO BE UNSAFE TO THE EXTENT THAT IT IS A PUBLIC NUISANCE. YOU ARE ORDERED TO REMEDY SUCH UNSAFE CONDITION, OR TO DEMOLISH SUCH BUILDING OR STRUCTURE, WITHIN SIXTY (60) DAYS AFTER SERVICE OF THIS NOTICE, OTHERWISE SUCH BUILDING OR STRUCTURE WILL BE DEMOLISHED BY THE CITY OF PRICHARD AND THE COST OF SUCH DEMOLITION WILL BE ASSESSED AGAINST THE PROPERTY ON WHICH SUCH BUILDING OR STRUCTURE IS LOCATED IN ACCORDANCE WITH THE PROVISIONS OF ACT NO: [705], ACTS OF ALABAMA, REGULAR SESSION 1975.”
A similar notice was sent to Thomas Realty Company at 2559 Springhill Avenue, Mobile, Alabama, by certified mail.
There is no evidence in the record that there was any attempt to make personal service of the required notice on either Mrs. Thomas or Thomas Realty Company. Neither is there any evidence of what person, firm, association, or corporation last assessed the property for state taxes before the attempts were made to serve Thomas Realty by certified mail. However, there is evidence that Mrs. Thomas had actual knowledge the house was going to be demolished and that it was her property. Other provisions of Act No. 705, not crucial to a decision in this case, were complied with by the City. It contracted with Freeman Wrecking to demolish the house and the latter did so. Mrs. Thomas’s unsuccessful trespass action followed and this appeal ensued.
The issue upon which the outcome of this appeal depends is whether actual notice to, or knowledge of, Mrs. Thomas that her property was to be condemned and demolished is sufficient to invoke operation of the Act to empower the City to condemn the property absent compliance with those provisions of the Act regarding attempted personal service and proof of what person or entity was the last assessor of the property for state taxes. We hold that failure to strictly comply with those provisions of the Act rendered the actions of the City condemning Mrs. Thomas’s property nullities and the demolition of her house wrongful.
Where the giving of notice is relied on to sustain forfeiture or divestiture of one’s rights, statutory direction as to how such notice shall be given must be strictly complied with. Lewis v. Ehrlich, 20 Ariz. App. 363, 513 P.2d 153 (1973); Hepner v. Township Committee of Township of Lawrence, 115 N.J.Super. 155, 278 A.2d 513 (1971); Cowl v. Wentz, 107 N.W.2d 697 (N.D.1961).
Also, where a municipality without compensation destroys a building that is a menace to public health or safety under a statute providing various procedural and substantive restraints, those provisions are to be strictly construed, particularly the requirement that the proper owner be notified. Housemaster Corporation v. City of Kenner, 374 So.2d 1240 (La.1979).
“The term ‘personal service’ has a well defined meaning and is generally defined to mean what the words import, namely, notice personally given and where written notice is required, it would ordinarily mean that the written notice must be served personally upon one entitled to it.” Merrion v. Scorup-Somerville Cattle Co., 134 F.2d 473 (10th Cir. 1943), cert. denied 319 U.S. 760, 63 S.Ct. 1317, 87 L.Ed. 1712 (1943).
*971 Under the Act in question in this case a copy of the notice must be personally served. The use of the word “copy” in the Act makes it clear that personal service of written notice is required or two unsuccessful attempts must be made before resort to certified mail service is authorized. By law, Acts of this nature are to be strictly construed and such construction mandates strict compliance with the notice requirements as well as those regarding assessment of state taxes.
The City is authorized to move or demolish buildings after notice as provided in the Act. Without giving notice strictly as prescribed by the Act the City could not acquire jurisdiction to empower it to do that which it would otherwise be authorized to do under that Act, and its proceedings in this case were void. McLean v. City of Ft. Smith, 185 Ark. 582, 48 S.W.2d 228 (1932).
“ * * * [Wjhere a jurisdictional notice is required to be given in a certain manner, any means other than that prescribed is ineffective. See Yuma County v. Arizona Edison Co., 65 Ariz. 332, 180 P.2d 868. This is so even though the intended recipient of that notice does in fact acquire knowledge contemplated by the law. Such a rule is no mere ‘legal technicality’, rather it is a fundamental safeguard assuring each citizen that he will be afforded due process of law. Nor may the requirement be relaxed merely because of a showing that certain complaining parties did have actual notice of the proceeding.” Hart v. Bayless Investment & Trading Company, 86 Ariz. 379, 346 P.2d 1101 (1959). See also McAnulty v. Snohomish School District No. 201, 9 Wash.App. 834, 515 P.2d 523 (1973).
The record is clear that Mrs. Thomas no doubt had actual knowledge that her building was to be demolished. However, it is less than clear that she was given adequate notice of any specific deficiencies and thus afforded a reasonable opportunity to remedy any such deficiencies.
Mrs. Thomas preserved error in this case in only one respect. In her motion for new trial, denied, she asserts the verdict is contrary to the evidence. Certainly, this is the case, as here, if there is an absence of evidence to support jurisdictional requirements of Act No. 705. The verdict therefore is manifestly unjust. Gavin v. Hinrichs, 375 So.2d 1063 (Ala.1979). The application of the rule of law requiring strict compliance with the procedural requirements of Act No. 705 to undisputed evidence in this case renders inescapable the conclusion that the jury’s verdict was palpably wrong and the judgment below entered thereon is due to be and is hereby reversed. REVERSED AND REMANDED.
FAULKNER, JONES, ALMON and BEATTY, JJ., concur.
TORBERT, C. J., concurs in result.
MADDOX and SHORES, JJ., dissent.