Gary EAKINS, Appellee,

v.

Amos REED; Samuel P. Garrison, Defendants,

and

Robert L. Hinton, Appellant.

Gary EAKINS, Appellant,

v.

Amos REED; Samuel P. Garrison, Defendants,

and

Robert L. Hinton, Appellee.

Nos. 82–6577, 82–6578.

United States Court of Appeals, Fourth Circuit.

Argued May 13, 1983.

Decided June 24, 1983.

Claudia Withers, Durham, N.C., for appellant.

Jacob L. Safron, Sp. Deputy Atty. Gen., Raleigh, N.C. (Rufus L. Edmisten, Atty. Gen., Raleigh, N.C., on brief), for appellee.

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and WYZANSKI,* Senior District Judge.

HARRISON L. WINTER, Chief Judge:

These are cross-appeals from the judgment entered on a jury verdict finding that Robert L. Hinton, then Programs Director at the North Carolina Central Prison, violated prisoner Gary Eakins' First Amendment right to use of the mails, and awarding Eakins nominal damages. Hinton contends that he was improperly joined as a defendant during the trial and that he is immune from liability for his actions; Eakins contends that he was entitled, as a matter of law, to more than nominal damages in compensation for the constitutional violation. Because we conclude that Hinton was properly joined but that when he was joined as a defendant a new trial was required, we vacate the judgment and remand for further proceedings. We express no views on the other issues.

I.

In May 1977, Eakins was an inmate in the North Carolina Central Prison. The evidence showed that, at that time, he desired to send twenty dollars from his prison account, through the mails, to purchase a

* Hon. Charles E. Wyzanski, Jr., Senior United States District Judge for the District of Massa- chusetts, sitting by designation.

course entitled "How to be Your Own Lawyer," and so informed prison officials. He received a notification signed by an "N. Thomas" that although he had adequate funds in his prison account, he would not be permitted to make the purchase. "N. Thomas" was later identified as Nelson Thomas, Principal of the Central Prison School. In September 1977, Eakins filed the present § 1983 action against Amos Reed, then Secretary of the North Carolina Department of Corrections, and Sam Garrison, then Warden of the prison, alleging a deprivation of his right to freedom of speech secured to him by the First and Fourteenth Amendments to the United States Constitution.

In October 1977, defendants filed motions to dismiss and for summary judgment. Attached to these motions was an affidavit from Robert Hinton, who, as noted above, was then the prison Programs Director. Hinton stated that, to the best of his recollection, he had disapproved Eakins' request because, first, it was only a down payment on a larger amount, and state prison rules forbade such down payments, and, second, it included a franchise agreement whereby Eakins would be able to enroll other prisoners in the course, and franchise agreements were forbidden by prison rules. In response, the district court dismissed the claims against Reed and Garrison in their official capacities, but permitted the suit to proceed against them individually.

The case subsequently came to trial in August 1982. At trial Eakins testified that the twenty dollars he had wished to spend was not a down payment but was rather the total sum, and that he had no intention of enrolling other prisoners in the course or selling the course to others. At the end of plaintiff's case, defendants' motions for directed verdicts were denied. Garrison, Hinton, and another official then testified on defendants' behalf, indicating that Reed and Garrison were only complying with Thomas' decision, approved by Hinton, to deny Eakins' request on the basis of the prison rules mentioned above. Defendants then renewed their motions for directed verdicts, and these were granted by the

district court. The district court, however, on its own motion and over Hinton's objection, substituted Hinton as the sole defendant. The district court reasoned that Hinton's responsibility for the state's actions had been demonstrated by the proof at trial and that, under *Gordon v. Leeke,* 574 F.2d 1147 (4 Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), the court had a responsibility in pro se civil rights cases to bring in as defendants the state officials legally responsible for the challenged state action. The district court then offered Hinton the opportunity to present any additional evidence that he desired to the jury, but Hinton declined. The case was then submitted to the jury, which found Hinton liable and awarded Eakins damages in the amount of five cents. The district court subsequently denied Hinton's motion for judgment notwithstanding the verdict.

Both parties have appealed.

## II.

■ *Gordon v. Leeke, supra,* held that district courts are under an obligation to ensure that technical problems of pleading, and practice and joinder do not prevent the prosecution of pro se civil rights actions. Included in this responsibility is the duty, when it becomes apparent to the district court that a governmental official not named in the complaint is legally responsible for the challenged decision, to inform the pro se complainant of his right to join that official as a defendant pursuant to Federal Rule of Civil Procedure 19(a) and to direct or permit joinder. *Id.* at 1152–53.

The rule of *Gordon v. Leeke* may operate, however, only within the framework of the constitutional rights of the person who is joined as a defendant. It is essential, therefore, that the procedure chosen to protect the pro se complainant's potentially meritorious, though inartfully pleaded, claims not violate the constitutional rights of the person to be joined. *See Moore v. Knowles,* 482 F.2d 1069, 1075 (5 Cir.1973) ("Rule 19 and Rule 21, F.R.Civ.P., provide wide dis-

cretion for the District Court to order the joinder of parties, but that joinder must be accomplished with the requirements of due process in mind."); *Travelers Indemnity Co. v. United States,* 382 F.2d 103, 105 (10 Cir. 1967) ("The exercise of discretion in this area necessarily involves concern for the rights of the amending party; but the rights of the added party likewise cannot be ignored."). Paramount among those rights are the guarantees of notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972) (*quoting Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)); *see also Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

■ We think that the procedure employed here violated Hinton's right to procedural due process. Although he had notice of the lawsuit, he did not know that he was a defendant until the trial was virtually concluded. Although he appeared as a defense witness, he was not given the opportunity—as was Eakins—to make an opening statement to the jury, to cross-examine the witnesses, and to have counsel then representing his interests participate in the proceedings. Thus, absent an express waiver of his rights, and there was none, the mere opportunity to present additional evidence and to make a closing statement to the jury was insufficient to satisfy both the time and manner criteria of the right to be heard. Moreover, although Hinton's counsel in the subsequent proceedings and before us was the same counsel that represented Reed and Garrison during trial, Hinton's interests were not sufficiently identical to those of Reed and Garrison as to justify binding Hinton to the earlier proceedings. Indeed, the primary defense asserted by Reed and Garrison was that they were merely implementing a decision made by Hinton. Thus, given that Hinton has

not consented to be bound by the proceedings that transpired prior to his joinder, we conclude that it was prejudicial error for the district court to proceed with the trial subsequent to Hinton's joinder.

■ Instead, we think that the correct procedure, once the district court had directed Hinton's joinder, would have been to terminate the trial, require an answer from Hinton, authorize supplemental discovery, if desired by either party, and then conduct a new trial with a different jury. *See Moore v. Knowles,* 377 F.Supp. 302, 303 (N.D.Tex. 1974) (on remand from 482 F.2d 1069, cited *supra*), *aff'd,* 512 F.2d 72 (5 Cir.1975). On remand, such a procedure properly will accommodate both the district court's duty under *Gordon v. Leeke* and Hinton's due process rights.

### III.

■ The only other issue we need address is Hinton's contention, arising from his objection at the time of joinder, that it was too late for him to be joined as a defendant during the trial in August 1982, in that the statute of limitations on Eakins' § 1983 claim against Hinton had by then expired.** We disagree. Federal Rule of Civil Procedure 15(c) provides that an amendment that adds a new party defendant relates back, for purposes of the statute of limitations, to the date that the original complaint was filed if (a) the plaintiff's claim against the party to be brought in arises out of the same transaction or occurrence set forth in the original complaint, and (b) the party to be brought in by the amendment (1) had received notice of the action such that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

** We note that this issue would never have arisen had *Gordon v. Leeke* been decided at the time the affidavit was filed. Undoubtedly, the district court, in that event, would have advised Eakins to join Hinton at the time when Hinton's original affidavit, taking responsibility for the state's decision, was filed.

We think that these conditions are satisfied here. The same transaction—the refusal to let Eakins use the mails to send for the book—is involved. Hinton indisputably had received notice of this action within the statute of limitations, as evidenced by the fact that he filed an affidavit in this action in October 1977 describing his role in the events about which Eakins complained. And that affidavit, which recited his personal responsibility for the decision to deny Eakins' request, shows his recognition that the suit should have been brought against him. We therefore conclude that the amendment joining Hinton as a defendant related back, for purposes of the statute of limitations, to the date that the original complaint was filed.

VACATED AND REMANDED.