829 F.2d 34
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Freddie ARTIS-BEY, Plaintiff-Appellant,
v.
Elizabeth EGGLESTON, Deputy Clerk, U. S. District Court for
the Eastern District of North Carolina; Jane E. Haring,
Deputy Clerk, U. S. District Court for the Western District
of Missouri; Patricia Ivester, Deputy Clerk, U. S. District
Court for the Northern District of Georgia; Gene Bell,
Deputy Clerk, U. S. District Court for the Northern District
of Alabama, Defendant-Appellee.
 No. 87-6035
 United States Court of Appeals, Fourth Circuit.
 Submitted April 23, 1987.
Decided September 2, 1987.
 
 Freddie Artis-Bey, appellant pro se.
 Rudolf A. Renfer, Jr., Office of the U. S. Attorney.
 Before WIDENER, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Freddie Artis-Bey, a federal inmate, filed a civil action pursuant to 28 U.S.C. Sec. 1361 seeking to compel officers of several United States District Courts to comply with certain federal regulations and Bureau of Prisons Program Statements concerning mail. Specifically Artis-Bey wanted the district courts to mark mail sent to him from the court in a manner that would require special handling in the prison. On January 5, 1987, the United States filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative for summary judgment pursuant to Rule 56 of the Rules. On March 2, 1987, Artis-Bey filed a motion to amend his complaint to also name the Bureau of Prisons. On March 3, 1987, the district court entered an order dismissing the complaint for failure to state a claim upon which relief can be granted. The court held that none of the regulations or Bureau of Prison Program Statements presented by Artis-Bey imposed any obligation or duty on the federal courts or court personnel to mark court mail in a certain manner. The district court did not address Artis-Bey's motion to amend his complaint.
 
 
 2
 Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that a 'party may amend his pleading once as a matter of course at any time before a responsive pleading is served.' When Artis-Bey filed his motion to amend his complaint, the defendants had failed only a motion to dismiss or for summary judgment. Neither a motion to dismiss nor a motion for summary judgment is a responsive pleading within the meaning of Rule 15(a). 3 J. Moore, Moore's Federal Practice p15.07 (2d ed. 1985); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971); Clardy v. Duke University, 299 F.2d 368 (4th Cir. 1962); see also McDonald v. Hall, 579 F.2d 120 (1st Cir. 1978). Accordingly, Artis-Bey was entitled to amend his complaint 'as a matter of course.'
 
 
 3
 To the extent that Artis-Bey's complaint alleges that the federal courts have a duty, imposed by various federal regulations and prison policies, to mark court mail in a special manner, we agree with the district court that the allegations fail to state a claim. To the extent, however, that Artis-Bey seeks to amend his complaint to allege that prison officials are reading mail addressed to him which is clearly marked as court mail, he may state a cognizable claim for relief. See Crowe v. Leeke, 550 F.2d 184 (4th Cir. 1977) (the opening of an inmate's mail outside the inmate's presence may state a constitutional claim); see also Taylor v. Sterrett, 532 F.2d 462, 475-478 (5th Cir. 1976). Where a pro se litigant alleges a cause of action which may be meritorious against persons unknown, the district court has a duty to 'afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court.' Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir.), cert. denied, 439 U.S. 970 (1978). See also Eakins v. Reed, 710 F.2d 184 (4th Cir. 1983).
 
 
 4
 We affirm the judgment of the district court dismissing Artis-Bey's cause of action seeking to impose on the federal courts a special handling procedure for court mail. We vacate the judgment dismissing the case, however, and remand for further proceedings not inconsistent with this opinion. As the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 5
 AFFIRMED IN PART; VACATED IN PART; AND REMANDED.