**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SHANTANU NERAVETLA MD, | No.    15-35230 |
| Plaintiff-Appellant, | D.C. 2:13-cv-01501-JCC |
| v. | |
| VIRGINIA MASON MEDICAL CENTER; L. KEITH DIPBOYE MD; MICHAEL GLENN MD; GARY KAPLAN MD, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted July 13, 2017
Seattle, Washington

Before:    TASHIMA, McKEOWN, and NGUYEN, Circuit Judges.

Dr. Shantanu Neravetla ("Neravetla") appeals the district court's grant of

summary judgment to defendants on his Americans with Disabilities Act ("ADA")

and related state claims.  Neravetla was a resident in the Transitional Year

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

residency program at Virginia Mason Medical Center ("Virginia Mason"). He claims that he was terminated from his residency because his employer perceived him to be mentally ill. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**1(a)** To make out a *prima facie* case for discrimination under the ADA, the plaintiff must show, among other elements, that "she is a qualified individual, meaning she can perform the essential functions of her job." *Nunes v. Wal–Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). Likewise, discrimination under the Washington Law Against Discrimination ("WLAD") requires a showing that the plaintiff was "doing satisfactory work[.]" *Brownfield v. City of Yakima*, 316 P.3d 520, 533 (Wash. Ct. App. 2014). Neravetla demonstrated on multiple occasions that he was neither qualified nor doing satisfactory work. On at least one occasion, Neravetla left the hospital while on call without so much as giving the pager to a colleague. The "red flag" incident that Neravetla was involved in also merits concern.

**(b)** Neravetla also cannot demonstrate causation for either his ADA or WLAD discrimination claims. Under the ADA, a plaintiff must demonstrate that he was terminated "on the basis of disability." 42 U.S.C. § 12112(a). Our jurisprudence has established that an employee is terminated on the basis of

2

disability if the disability was a "motivating factor" for the termination. *Martin v. Cal. Dep't of Veteran Affairs*, 560 F.3d 1042, 1048 (9th Cir. 2009). Under the WLAD, a plaintiff must demonstrate that discrimination was "a substantial factor motivating" the adverse employment action. *Scrivener v. Clark Coll.*, 334 P.3d 541, 544 (Wash. 2014). The record in this case is uncontroverted that Neravetla was terminated *solely* because he failed to comply with his referral to the Washington Physicians Health Program ("WPHP").

**(c)** Nor was the referral itself illegal under the ADA. An employer may require a medical examination if "such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). In *Brownfield v. City of Yakima*, we held that a mandatory psychological evaluation satisfied this standard when the plaintiff police officer had displayed "highly emotional responses[.]" 612 F.3d 1140, 1146 (9th Cir. 2010). We noted that volatile responses are of particular concern when the plaintiff is involved in "dangerous work." *Id.* The practice of medicine is without a doubt similarly "dangerous work." Neravetla's emotional and belligerent behavior put patients at risk, and his referral to WPHP was job-related and consistent with business necessity.

**2.** Neravetla also brings a number of state law claims, none of which has merit.

**(a)** Neravetla's defamation claim fails at the outset, as he has not identified any specific defamatory statement, nor has he shown that any statement about him was "published." *See Doe v. Gonzaga Univ.*, 24 P.3d 390, 397 (Wash. 2001), *rev'd on other grounds*, 536 U.S. 273 (2002). Finally, Neravetla has not shown that Defendants acted negligently. *See Bender v. City of Seattle*, 664 P.2d 492, 503 (Wash. 1983). On the contrary, it appears that Defendants acted in compliance with a Washington statute requiring that impaired practitioners be reported to a "disciplining authority, an impaired practitioner program, or voluntary substance abuse monitoring program . . . ." Wash. Rev. Code § 18.130.070(1)(a). Washington law expressly immunizes such referrals from civil liability. Wash. Rev. Code § 18.130.070(3).

**(b)** Neravetla's intentional interference with business expectancy claim fails for the simple reason that there is no evidence that Defendants intentionally interfered with Neravetla's residency plans. There is certainly no evidence that they did so for "an improper purpose." *Koch v. Mut. of Enumclaw Ins. Co.*, 31 P.3d 698, 701 (Wash. Ct. App. 2001).

**(c)** Defendants did not breach the contract governing Neravetla's

4

Transitional Year residency. The contract requires Virginia Mason to provide "a suitable education experience . . . through a training program that substantially complies with the Essentials of Accredited Residencies in Graduate Medical Education as adopted or amended by the Accreditation Council for Graduate Medical Education." There is no dispute that Virginia Mason's program complies with these guidelines. Even were Neravetla to demonstrate a breach, he has not demonstrated that he suffered contract damages. When Neravetla was referred to WPHP, he was placed on administrative leave with pay. Under Washington law, "the mere expectancy of employment is not sufficient to award contract damages for the distant future." *McAnulty v. Snohomish Sch. Dist. No. 201*, 515 P.2d 523, 525 (Wash. Ct. App. 1973).

(d)     Neravetla may not bring a promissory estoppel claim because his relationship with Defendants was fully governed by contracts. "[T]he doctrine of promissory estoppel does not apply where a contract governs." *Spectrum Glass Co. v. Pub. Util. Dist. No. 1 of Snohomish Cty.*, 119 P.3d 854, 861 (Wash. Ct. App. 2005).

(e)     Neravetla has not established any of the elements of intentional infliction of emotional distress. *See Reid v. Pierce Cty.*, 961 P.2d 333, 337 (Wash. 1998). Defendants did not engage in the type of outrageous conduct envisioned for

5

the tort, nor is there any evidence that they intentionally inflicted harm of any kind on Neravetla.

**3.** Neravetla also challenges two orders of the district court denying him leave to amend and precluding the deposition of the CEO of the Virginia Mason Health System, Dr. Kaplan.

**(a)** With regard to the former, the district court properly denied Neravetla's motion to file a second amended complaint with a new conspiracy claim. Neravetla's first conspiracy claim was dismissed with prejudice. The law of the case therefore forecloses Neravetla from pleading the same claim again. *United States v. Alexander*, 106 F.3d 874, 877 (9th Cir. 1997). Nor does newly discovered evidence foreclose application of the law of the case. The "new" evidence posited by Neravetla was in Neravetla's possession at the time he filed his First Amended Complaint, and could have been incorporated into his previous amendment.

**(b)** Finally, the district court did not abuse its discretion in issuing a protective order precluding the deposition of Dr. Kaplan. Dr. Kaplan's only involvement in this case is that Neravetla sent him two emails, to which Kaplan briefly responded. The district court correctly determined that a deposition of Dr. Kaplan would be excessively burdensome and inconvenient, and that the same

6

information could be obtained from lower-level employees.  *See* Fed. R. Civ. P. 26(b)(2)(C).

•   ●   •

For the reasons set forth above, the judgment of the district court is

**AFFIRMED.**