This is an appeal from the grant of summary judgment in favor of the defendants in an action brought under the Alabama Medical Liability Act, Code of 1975, § 6-5-480 et seq. We affirm.
Dale Wayne Liner was admitted as a patient in Russell Hospital, Alexander City, Alabama, by Dr. James P. Temple, M.D., on August 18, 1976. He was suffering from acute appendicitis. On August 23, 1976 Liner was discharged from Russell Hospital at his family's request and admitted to a Sylacauga hospital where an appendectomy was performed. Later he was operated upon twice for peritonitis and infection.
While Liner was a patient at Russell Hospital under the care of Dr. Temple, a chemistry profile was performed by Drs. Cunningham, Frings and Scofield, practicing as Medical Laboratory Associates in Birmingham.
Liner and his father, Charles Liner, brought this action against a number of defendants, including Cunningham, Frings and Scofield. He alleged that these three
 [N]egligently performed blood chemistry tests on blood samples submitted to them by Defendants James P. Temple and Russell Hospital, Inc. As the proximate cause of their negligence the defendants who submitted the blood sample were caused to make a negligent diagnosis of plaintiff Dale Wayne Liner's condition. [Emphasis supplied.]
Drs. Cunningham, Frings and Scofield moved for summary judgment on the basis of the pleadings, motions and the affidavit of Dr. Scofield. After the filing of that motion an affidavit of Dr. Temple was filed.
Dr. Scofield's affidavit contained the following statement:
 The chemistry profile would not, could not, and was not calculated or designed to show or diagnose a condition of appendicitis. . . .
The affidavit of Dr. Temple, the attending physician, stated:
 The Birmingham pathologists who operate Medical Laboratory Associates did a chemistry profile on Dale Liner. . . . The chemistry profile did not and was not expected to help me with the diagnosis or treatment of the condition of appendicitis or appendiceal abscess. . . .
The plaintiffs elected not to offer any evidentiary matter or counter affidavits. Upon the record then existing the trial court granted the motion for summary judgment.
The trial court's action was correct. The affidavits affirmatively disclaimed the very allegation relied upon by the plaintiffs to recover from these defendants, i.e., that their chemistry profile did not cause a negligent failure to diagnose appendicitis. The physicians' statements related to the science of their own profession and as such were proper subjects for expert testimony. Code of 1975, § 12-21-160; McElroy's AlabamaEvidence (3rd ed.), § 127.01 (5); Rule 56 (e), ARCP. Having negated the plaintiffs' allegations of proximate cause, these defendants had placed these plaintiffs in the position warned against in Rule 56 (e), ARCP:
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
Thus, summary judgment was appropriate here under Rule 56 (e), ARCP.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 640