These appeals are from summary judgments in favor of Quinlivan and Alonzo. We affirm.
Benjamin Franklin Phillips was indicted by the Mobile County grand jury on June 5, 1981, for the offense of robbery in the first degree. He was convicted and sentenced, as a habitual offender, to life in prison without parole.
Alonzo was appointed by the court to defend Phillips at his trial. Quinlivan was appointed to prosecute Phillips's appeal to the Alabama Court of Criminal Appeals. Quinlivan filed a brief in the appellate court alleging errors committed by the trial court, and citing authorities of law in support of his allegations. The Court of Criminal Appeals affirmed the judgment of the trial court, without opinion. Subsequently, the court overruled the application for rehearing. Phillips's petition for writ of certiorari to this court, filed by another lawyer, was denied without opinion on January 28, 1983. Meanwhile, Phillips had filed a complaint in the Circuit Court of Mobile County on November 5, 1982, against Quinlivan and Alonzo, alleging professional legal malpractice and praying for $1,000,000.00 as punitive damages. Against Alonzo, Phillips alleged negligence by not preparing any defense against the criminal charges. Against Quinlivan, Phillips alleged that Quinlivan filed a "no-merit" brief in the Court of Criminal Appeals.
After answering the complaint, Quinlivan filed a motion for summary judgment supported by his affidavit stating that in his opinion:
 ". . . the professional services rendered to Benjamin Franklin Phillips during the time in question and under the same or similar circumstances were properly rendered services, and that he is not guilty of negligence or professional neglect in the manner in which he handled Benjamin Franklin Phillips' case; and that it is his opinion that the professional services administered by him to Benjamin Franklin Phillips were in accordance and conformity with the general accepted standards, customs, and practice of attorneys as they existed at that time under the same or similar circumstances in the City of Mobile, Mobile County, Alabama, and the legal community."
Alonzo filed, substantially, the same affidavit in support of his motion for summary judgment. Phillips also filed a motion for summary judgment supported by his affidavit. His affidavit did nothing more than restate the allegations of his complaint. No expert testimony and no other competent evidence of any kind was offered by Phillips tending to show a breach of professional duty by Quinlivan or Alonzo.
The affidavits of Quinlivan and Alonzo related to the science of their profession, and therefore were proper subjects for expert testimony. Liner v. Temple, 373 So.2d 638 (Ala. 1979). For Phillips to succeed in the motions for summary judgment filed by the attorneys, he must have come forward with expert testimony to show negligence on the part of the attorneys. This he did not do, and there is no genuine issue of material fact for trial. Therefore, summary judgment was appropriate under Rule 56 (e), A.R.Civ.P.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur. *Page 1268