TORBERT, Chief Justice.
This is an appeal by James R. Moore from a summary judgment in - favor of Ralph W. Hornsby in a suit alleging negligent legal representation by Mr..Hornsby. For the following reasons, we affirm.
In June 1981, Mr. Moore hired Mr. Hornsby as his attorney to represent him in a divorce action brought by his wife. In September 1981, Mr. Moore entered into a separation agreement with his wife which provided that she would receive all of the property accumulated during the marriage and would receive custody of the couple’s minor child. On April 17, 1985, Mr. Moore filed this suit, alleging legal malpractice on the part of Mr. Hornsby. Specifically, Mr. Moore alleges that Mr. Hornsby failed to properly advise him on his rights regarding the division of the marital property.
On August 7, 1985, Mr. Hornsby filed a motion for summary judgment, alleging that there was no genuine issue of material fact. In support of this motion, Mr. Horns-by attached his supporting affidavit, which provided in part:
“In my professional opinion, in representing James R. Moore in the divorce matter, I exercised the required degree of care, skill and diligence ordinarily exercised by attorneys practicing in this general area handling domestic relations cases of the nature of that in which Mr. Moore was involved. I was not guilty of negligence or malpractice in my representation of Mr. Moore.”
In response to the summary judgment motion and supporting affidavit, Mr. Moore filed his own affidavit, but it, in effect, did nothing more than restate the allegations contained in his complaint.
A similar fact situation was presented to this Court in the case of Phillips v. Alonzo, 435 So.2d 1266 (Ala.1983). In that case, a criminal defendant brought a legal malpractice action against his trial and appellate attorneys. Both attorneys filed motions for summary judgment with supporting affidavits which stated they were not guilty of negligence in their representation of their client. The plaintiffs opposing affidavit merely restated the allegations in his complaint. In upholding the defendants’ summary judgment, this Court stated:
“The affidavits of Quinlivan and Alonzo related to the science of their profession, and therefore were proper subjects for expert testimony. Liner v. Temple, 373 So.2d 638 (Ala.1979). For Phillips to succeed in the motions for summary judgment filed by the attorneys, he must have come forward with expert testimony to show negligence on the part of the attorneys. This he did not do, and there is no genuine issue of material fact for trial. Therefore, summary judgment was appropriate under Rule 56(e), A.R. Civ.P.”
435 So.2d at 1267.
Because Mr. Moore’s affidavit did not contain any expert testimony to show negligence on the part of Mr. Hornsby, there was no genuine issue of material fact for trial. Therefore, the trial court properly granted Mr. Hornsby’s motion for summary judgment. Rule 56(e), A.R.Civ.P.
AFFIRMED.
FAULKNER, ALMON, BEATTY and HOUSTON, JJ., concur.