William S. **RUFFING** and Betty H. Ruffing, **Plaintiffs-Appellees,**

v.

Sydney Kent **LINCICOME,** Defendant-Appellant.

No. 85CA0442.

Colorado Court of Appeals, Div. II.

March 12, 1987.

Rehearing Denied April 23, 1987.

Towey & Zak, James J. Zak, Denver, for plaintiffs-appellees.

Schenk, Kerst & deWinter, William J. deWinter, Glenwood Springs, for defendant-appellant.

SMITH, Judge.

Defendant, Sydney Lincicome, appeals the order of the trial court awarding him only $5,500 in attorney fees instead of the $11,704.50 he actually incurred in defense of plaintiffs' claims. We affirm.

Plaintiffs' claims against Lincicome were based on negligence, breach of contract, and third-party beneficiary theories. The case proceeded to trial and after the presentation of plaintiffs' evidence, the court directed a verdict in favor of Lincicome who then requested that he be awarded his attorney fees. The court ordered that this issue would be decided on briefs and, *sua sponte*, requested that counsel address the issue of mitigation of damages as it might pertain to an award of attorney fees under Colo.Sess.Laws 1977, ch. 189, § 13–17–101, et seq., at 796.

The court thereafter found that plaintiffs' claims against Lincicome were both frivolous and groundless, that counsel for Lincicome made facts available to plaintiffs indicating Lincicome's nonliability for damages long before trial, that the fees incurred by Lincicome in the amount of $11,704.50 would have been both necessary and reasonable if he had been, in fact, required to go through trial, but concluded that the full amount of attorney fees should not be allowed since Lincicome could have avoided going to trial by moving for summary judgment. The court then awarded him attorney fees in the amount of $5,500.

Lincicome argues on appeal that the trial court erred in failing to award him the full amount of his attorney fees. We disagree.

■ We conclude that the determination of whether a litigant is entitled to receive reasonable attorney fees and the amount which, under the evidence, constitutes a reasonable award of attorney fees in acting under this statute is committed to the sound discretion of the trial court. Included among the factors the court must consider in making these determinations are: (1) the extent of any efforts made to determine the truth of a claim before asserting it, or the efforts to support it during pretrial proceedings, or both; (2) the extent to which the party has made available facts to indicate his nonliability for any money damages; (3) the financial conditions of the parties; (4) whether a party has prosecuted or defended the case in bad faith or abused the Rules of Procedure; and (5) whether there were disputed questions of fact concerning a party's liability. The court may also consider any additional factors which it deems relevant. *See* Colo.Sess.Laws 1977, ch. 189, § 13–17–102 at 797.

Here, the court used the analogous concept of mitigation of damages as a means of awarding attorney fees only to the extent that the fees were incurred in the reasonable defense of the groundless and frivolous claims. It was the judgment of the court in making its award that Lincicome would have prevailed on a motion for summary judgment and, thus, could have avoided the costs of trial.

■ We hold that it is within the discretion of the trial court to limit its award of attorney fees based on a finding that a party did not take all reasonable measures to extricate himself from a frivolous or groundless lawsuit at the earliest possible time.

Lincicome argues that this result improperly allows the trial court to invade the province of counsel to decide how a case should be tactically managed. We disagree.

A party does not have an absolute right to attorney fees incurred, but rather is entitled only to the reasonable attorney fees which the court, in its discretion, deems just. *See* §§ 13–17–101 and 13–17–102. Thus, there is no guarantee, regardless of how a case is managed, that attorney fees will be awarded. The result the trial court reached in this case merely encourages counsel to consider the most expeditious alternatives when making strategic decisions.

■ The Ruffings argue on appeal that the trial court erred in awarding any attorney fees to Lincicome. However, since they did not file a notice of cross-appeal, this court has no jurisdiction to consider their argument. *Rocky Mountain Sales & Service, Inc. v. Havana RV, Inc.*, 635 P.2d 935 (Colo.App.1981).

Lincicome's request for attorney fees incurred on appeal is denied.

The order of the trial court is affirmed.

KELLY and STERNBERG, JJ., concur.