This appeal is based upon a claim that the Circuit Court of Mobile County awarded inadequate attorney fees under the terms of an indemnity agreement. We agree.
This litigation arises from the condemnation and demolition by the City of Prichard of a dwelling house owned by Lillian W. Thomas. The structure was condemned as unsafe and dilapidated by the City of Prichard under the authority of Act 705, 1975 Acts of Alabama. The demolition was carried out by the Freeman Wrecking Company ("Freeman Wrecking") under a contract with the City of Prichard.
On March 17, 1977, a complaint was filed in the circuit court of Mobile County by Lillian Thomas against Freeman Wrecking, seeking compensatory and punitive damages for trespass after warning. Freeman Wrecking then filed a third-party complaint, impleading the City of Prichard, on the basis of an indemnity agreement between Freeman Wrecking and the City of Prichard.[1]
At trial a jury verdict was returned in favor of Freeman Wrecking, which, as a matter of law, was a finding in favor of the third-party defendant City of Prichard.
An appeal to this court was subsequently perfected by Lillian Thomas. Thomas v. Freeman Wrecking Co., 388 So.2d 968 (Ala. 1980). In that case, this Court reversed and remanded, holding,inter alia, that because the City of Prichard had failed to strictly comply with the notice provisions of Act 705, the statute did not empower the city to condemn the property.
On December 15, 1986, the case was retried. The trial court declared Act 705 to be invalid and directed a verdict in favor of Lillian Thomas on the issue of liability. On the issue of damages, the jury returned a verdict in favor of Thomas against Freeman Wrecking in the amount of $486. As to Freeman Wrecking's third-party complaint against the City of Prichard, the jury *Page 237 
returned a verdict in favor of Freeman Wrecking for $486.
At the retrial, Freeman Wrecking and the City of Prichard stipulated that the issue of indemnification of attorney fees would be presented to the Court subsequent to the findings of the jury. At a hearing conducted by the trial court, following the jury verdict, counsel for Freeman Wrecking introduced into evidence an itemized statement of billable hours and expenses in the total amount of $18,675. The trial court, in a written order dated May 19, 1987, ruled that the indemnification agreement between Freeman Wrecking and the City of Prichard was valid and enforceable, but awarded attorney fees to counsel for Freeman Wrecking in the amount of only $8450. A motion for nuncpro tunc correction of the amount of judgment was filed with the trial court, as well as a motion for reconsideration. Following the trial court's denial of these motions pursuant to Rule 59.1, A.R.Civ.P., this appeal followed.
The sole question presented in this case is whether the trial court erred to reversal by awarding $8450 in attorney fees where the amount was undisputed and was stipulated to be $18,675.
It is a settled principle of Alabama appellate jurisprudence that the findings of a trial court as to the amount of damages, where evidence has been presented ore tenus or partly so, will not be disturbed on appeal in the absence of an abuse of discretion. Carson v. Canales, 409 So.2d 842 (Ala.Civ.App. 1981); Martin v. House of Carpets, Inc., 41 Ala. App. 460,135 So.2d 171 (1961); Southern States Life Insurance Co. v. Allan,38 Ala. App. 467, 87 So.2d 439 (1956). Where the evidence before the trial court is undisputed, however, "the ore tenus rule is inapplicable, and the Supreme Court will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court's application of the law to those facts." Stiles v.Brown, 380 So.2d 792, 794 (Ala. 1980), citing with approvalKenler v. Stough, 361 So.2d 1048 (Ala. 1978); Perdue v.Roberts, 294 Ala. 194, 314 So.2d 280 (1975); McCulloch v.Roberts, 292 Ala. 451, 296 So.2d 163 (1974). Freeman Wrecking contends that the award in the instant cue is "adverse, erroneous, and insufficient." Having examined the record and concluding that the judgment is contrary to the evidence, we agree.
Prior to conclusion of the retrial in this case, Freeman Wrecking and the City of Prichard orally stipulated that the issue of indemnification of attorney fees would be presented to the court subsequent to the findings of the jury. This agreement was reduced to writing and signed by counsel for both parties, and it forms part of the record on appeal.
Following entry of the jury verdict, at a hearing conducted by the trial court specifically on the fee portion of the indemnity agreement, testimony was elicited by counsel for Freeman Wrecking from its president regarding the legal services that had been rendered during the 11-year history of the case. An itemized time billing sheet, totaling $18,675 in fees and expenses, was introduced as an exhibit. Counsel for the City of Prichard did not question the accuracy or reasonableness of this figure, nor did he object to the introduction of this exhibit in any way. The record on appeal shows that counsel for the City of Prichard explicitly stated that he had "no objection." (R-28)
As previously indicated, following this hearing the trial court, in a written order dated May 19, 1987, specifically found:
 "The indemnification agreement between the City of Prichard through its mayor and the defendant Freeman Wrecking Company, Inc. is binding on the City of Prichard. Pursuant to that agreement, the court awards the sum of $8,450.00 to the Honorable Joseph O. Kulakowski, attorney for Freeman Wrecking Company, Inc. to be taxed as costs against the City of Prichard.
"Done this 19th day of May 1987.
 "/s/ Dominick J. Matranga "Judge"
In the motion for reconsideration that was filed by Freeman Wrecking, and *Page 238 
signed both by counsel for Freeman Wrecking (Joseph A. Kulakowski) and counsel for the City of Prichard (Norman J. Gale, Jr.), the following testimony, taken under oath, was submitted for consideration by the trial court:
 "TESTIMONY OF NORMAN J. GALE, JR., CITY ATTORNEY
CITY OF PRICHARD
"BY Mr. Kulakowski:
 "Q: Mr. Gale, on February 6, 1987, was a stipulation relating to the reasonableness of attorney's fees for the defense of the present action entered into and was it evidenced by the attached Exhibit 1 to this motion?
"A: Yes.
 "Q: Did we reach an agreement as to the amount of attorney's fees to be awarded should the Court find the indemnity agreement to be valid and enforceable?
"A: Yes.
 "Q: Was the amount of attorney's fees and expenses $18,675.00?
 "A: Yes. The total agreement was that any judgment entered for the attorney fees and expenses would be paid through the trust established in the Circuit Court case of Lasner v. The City of Prichard.
 "Q: Is the reporter's transcript of the evidence, which is hereafter attached, a reflection of the agreement which was entered into regarding the stipulation of reasonableness of attorney's fees?
"A: Yes."
(R-20, 21)
The reasonableness and accuracy of the charges reflected in the statement are undisputed. Aside from the fact that the City of Prichard offered no objection and stipulated to the amount of attorney fees and expenses, the trial court itself made no inquiry concerning the validity of these charges. It is, moreover, interesting to note that the City of Prichard has filed no brief or response of any kind to this appeal.
The only evidence presented on the issue of attorney fees due under the terms of the indemnity agreement was the testimony of the president of Freeman Wrecking and the itemized time billing sheet (which was introduced as an exhibit). There was no other evidence before the trial court as to the value of the legal services rendered. Thus, it is clear that the award of the trial court is not supported by the evidence. We find that counsel for Freeman Wrecking is entitled to the sum of $18,675. Accordingly, the judgment is reversed and the cause remanded to the Circuit Court of Mobile County with instructions to alter its judgment with respect to the amount of attorney fees awarded to counsel for Freeman Wrecking.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
[1] The indemnity agreement, dated January 17, 1977, provided:
 "The City of Prichard agrees to hold FREEMAN WRECKING COMPANY, INC., harmless, and shall further indemnify it for any liability which may arise from the demolition of the building located at 415 West Main Street, Prichard, Alabama, whose legal description is as follows: Wilson's 4th [addition], block 9, lot ___. Further, the City of Prichard agrees to hold harmless and to fully indemnify Freeman Wrecking Company, Inc., for any liability which may arise from the demolition of the above referenced property from any claims by whomsoever made which arise from the demolition of said structure."