The plaintiff appeals from a summary judgment entered in favor of the defendants in a legal malpractice case. The defendants supported their motions for summary judgment by an affidavit of an expert who testified that the defendants exercised that level of knowledge, care, and skill common to members of the legal profession in the community in which the defendants practiced law. The plaintiffs did not counter this affidavit with that of an expert as required by Phillips v.Alonzo, 435 So.2d 1266 (Ala. 1983), cert. denied, 464 U.S. 984,104 S.Ct. 430, 78 L.Ed.2d 363 (1983), to prevent summary judgment in favor of the defendants in a legal malpractice case. Accordingly, the summary judgment is affirmed.
Butts cross-appeals from an order awarding attorney fees as authorized by the Alabama Litigation Accountability Act, §12-19-272, Code of Alabama 1975. He argues that the amount awarded ($500) is inadequate and arbitrary in light of the only evidence before the trial court; that evidence was that he incurred attorney fees of more than $3,000 in defending this suit, which the trial court found to have been brought without substantial justification as to appellant Butts. § 12-19-272.
The case is remanded. Section 12-19-273, Code 1975, permits the trial court to exercise its discretion in the awarding of attorney fees authorized by § 12-19-272, but requires that it set forth the reasons for the award, considering, among other things, the factors set forth in § 12-19-273. The trial court stated no reasons for the amount awarded. Therefore, we must remand the case for a reconsideration of the award of attorney fees and a statement of the reasons required by § 12-19-273.
88-1103 AFFIRMED.
88-1186 REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.