Two cases were consolidated. The first case (hereinafter referred to as the tax case) arose from a complaint filed by the City of Birmingham, Alabama, on June 24, 1987, seeking delinquent license, sales, and occupational taxes and penalties from A M Grocery, Inc., which is owned by David M. Shabani and Michael M. Shabani. The second case was filed by A M Grocery and the Shabani brothers against Frank W. Lopez, the license and tax administrator of the City of Birmingham, and Robert A. Jones, Jr., the attorney representing the City. In the second case, A M Grocery and the Shabani brothers alleged that Mr. Lopez and Mr. Jones had knowingly filed false affidavits in the first case. Claims were made against Mr. Lopez and Mr. Jones, as individuals, alleging misrepresentation, fraud, extortion, and abuse of process. Ultimately, the trial judge entered a summary judgment in favor of the City of Birmingham and against A M Grocery and both Shabani brothers in the amount of $69,368.99 in the tax case. He entered a summary judgment in favor of Frank W. Lopez and Robert A. Jones, Jr., in the case against them, and awarded attorney fees in the amount of $2,450 pursuant to the Alabama Litigation Accountability Act, §§ 12-19-270 through -276, Code 1975 (Cum.Supp.). A M Grocery and the Shabani brothers appeal from the summary judgments and the award of attorney fees.
A M Grocery was originally represented in the tax case by Attorney Robert C. Snead, Jr., who negotiated an agreement with the City by which his client was to pay $15,000 to the City, to be applied to tax liabilities; and, additionally, his client was *Page 262 
to post a bond in order to be allowed to stay in business. The trial court ordered A M Grocery to produce documents, answer interrogatories, and allow an audit of its books and records, the audit to begin within 20 days of the date of the order. The trial court's amended order, dated August 12, 1987, reflected the new agreement by the parties as to the amount of the bond and set the jeopardy assessment in the amount of $31,551.18. A M Grocery failed to cooperate in making its financial records available, despite numerous court orders and extensions of time. By this time, Attorney Herbert W. Stone had begun appearing on behalf of A M Grocery. A series of motions and orders, including a motion for sanctions filed by the City, culminated in the issuing of what the trial judge termed "an extraordinary order," dated January 4, 1989, in which the court ordered A M Grocery to produce in the jury room of the court at 9:00 a.m. the next day all of the materials previously requested for production. On January 11, 1989, the trial court issued an Order in which it required A M Grocery to organize the records it had produced and granted the City's motion for sanctions and other relief by ordering A M Grocery to pay to the City $2,000 in attorney fees.
The second case was filed on March 7, 1989. In this case, as noted above, A M Grocery and the Shabanis sued Frank W. Lopez and Robert A. Jones, Jr. Mr. Jones withdrew as the attorney for the City in the tax case, and Thomas E. Baddley, Jr., represented Mr. Lopez and Mr. Jones in the second case. On April 5, 1989, the City filed an amended complaint in the tax case, adding Michael Shabani and David Shabani as individual defendants.
While both cases were pending, the City Council of the City of Birmingham held a hearing on the tax assessment owed by A 
M and the Shabanis. With all parties attending the meeting with the City Council, the Council passed Resolution No. 584-89, which read as follows:
 "BE IT RESOLVED by the Council of the City of Birmingham that the Sales Tax Assessment as levied against A M Grocery by the Finance Department dated February 17, 1989, for the period 1984 through 1988 in the amount of $69,368.99 for additional Sales Tax is deemed to be correct and is hereby made final."
Although the record here does not clearly so indicate, A M apparently filed a notice of appeal of the City Council's assessment, because on April 28, 1989, it filed a notice of intention not to appeal, which purported to withdraw a prior notice of appeal.
The City then sought a summary judgment in the tax case against A M, David Shabani, and Michael Shabani in the amount of $69,368.99. A M and the Shabani brothers in turn sought a summary judgment against the City. Various affidavits and other pleadings were filed in the tax case, and the trial court finally heard arguments on the motions for summary judgment. The second case had been filed as a separate action. However, the presiding judge of the 10th Judicial Circuit, Judge John Bryan, ordered the second case assigned to the same trial judge for hearing with the tax case. Various affidavits and pleadings were filed in the second case and the trial court heard arguments on the motions for summary judgment.
Having heard the arguments in both cases, the trial judge issued the following order on November 7, 1989:
 "It is therefore, ORDERED, ADJUDGED and DECREED by the Court as follows:
 "ONE: In the case styled City of Birmingham, Alabama v. A M Grocery, Inc.; Michael Shabani and David Shabani, Case No. CV 87 502-803 JDC, summary judgment is rendered in favor of the City of Birmingham and against A M Grocery, Inc. and Michael Shabani individually, and David Shabani, individually, in the amount of $69,368.99 plus interest and penalties until paid in full. The Court further permanently enjoins A M Grocery, Inc., Michael Shabani, individually, and David Shabani, individually, from engaging in business within the corporate limits of the City of Birmingham until such time as all delinquent and unpaid taxes, fees and penalties have *Page 263 
been paid. All claims and requests for relief not granted by this order are denied.
 "TWO: In the case of A M Grocery, Inc., et al. v. Frank W. Lopez, et al., Case No. CV 89-1956 JDC, summary judgment is rendered in favor of Frank W. Lopez and Robert A. Jones, Jr. and against A M Grocery, Inc., David M. Shabani and Michael M. Shabani on all of the claims raised in the Complaint as amended. The Court further finds that the Complaint, as amended, and the affidavits and pleadings in this case are so clearly spurious and without substantial justification that pursuant to the Alabama Litigation Accountability Act ([Section] 12-19-170 et seq.) attorney's fees are due to be awarded to the Defendants. The Court hereby awards attorney's fees in the amount of $2,450.00 in favor of Frank W. Lopez and Robert A. Jones, Jr. and against A M Grocery, Inc., David M. Shabani, Michael M. Shabani and Herbert W. Stone. All claims and requests for relief not granted by this Order are denied.
 "THREE: Costs of Case No. 87 502803 JDC and Case No. 89-1956 JDC are taxed to A M Grocery, Inc., David M. Shabani and Michael M. Shabani.
 "DONE and ORDERED this 7th day of November, 1989.
"/s/ Jack D. Carl "Circuit Judge"
We must determine whether the trial court erred in entering summary judgment in the two cases and whether the trial court erred in awarding attorney fees in the second case.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. "In determining whether summary judgment was properly granted, the trial court must view the motion in a light most favorable to the nonmovant. Ryan v.Charles Townsend Ford, Inc., 409 So.2d 784 (Ala. 1981)." Turnerv. Systems Fuel Inc., 475 So.2d 539, 541 (Ala. 1985). Rule 56 is read in conjunction with the "scintilla rule of evidence" in actions commenced on or before June 11, 1987; it is read in conjunction with the "substantial evidence rule" for actions filed after that date. See § 12-21-12, Code 1975; Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98
(Ala. 1989).
In the tax case the evidence is undisputed that the amount owed to the City of Birmingham in unpaid taxes was settled by resolution of the City Council at a meeting on April 11, 1989, at which all parties were in attendance. It is also undisputed that on April 28, 1989, A M filed a notice of intent not to appeal the City Council's action setting the amount of the assessment; thus, the assessment became due and owing. Therefore, there is no genuine issue of material fact, and the City is entitled to a judgment as a matter of law. We find no error on the part of the trial court.
As to the second case, the trial judge, in making his determination that no genuine issue of material fact existed, had before him the pleadings, prior orders, and rulings of the court, the materials submitted to the trial court at prior hearings, affidavits, deposition testimony, and argument by both sides. The trial judge stated in his order that he did not consider the statements in those affidavits that were based upon the affiant's information and belief, because affidavits supporting or opposing a motion for summary judgment must be made on personal knowledge and must set forth facts to show the admissibility of the evidence contained in the affidavit. See Rule 56(c); Turner v. Systems Fuel, Inc., supra, at 541. We have carefully reviewed the record, and we affirm the judgment of the trial court.
Finally, we must consider the Alabama Litigation Accountability Act, §§ 12-19-270 through -276, Code 1975 (1987 Cum.Supp.), to determine whether the trial court erred in awarding attorney fees to counsel for the defendants in the second case. This Act applies to any suit or claim or defense or appeal filed after June 11, *Page 264 
1987. § 12-19-275. Section 12-19-272(a) provides as follows:
 "(a) Except as otherwise provided in this article, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part. . . . "
The phrase "without substantial justification" is defined in § 12-19-271(1):
 "(1) WITHOUT SUBSTANTIAL JUSTIFICATION. The phrase 'without substantial justification', when used with reference to any action, claim, defense or appeal, including without limitation any motion, means that such action, claim, defense or appeal (including any motion) is frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to cause unnecessary delay or needless increase in the cost of litigation, as determined by the court."
Section 12-19-273 permits the trial court to exercise its discretion in the awarding of attorney fees authorized by the statute, but requires that it set forth the reasons for the award. Tidwell v. Waldrop, 554 So.2d 1009, 1010 (Ala. 1989). The trial judge complied with the mandates of § 12-19-273 by setting forth his reasons. We have carefully reviewed the record, and we find that the trial judge had before him ample evidence from which he could conclude that the second case was filed without substantial justification. Throughout the history of the tax case, A M Grocery and the Shabani brothers refused to cooperate with the court. It was necessary to file motion after motion in order to force discovery from A M and the Shabani brothers. The motion for sanctions filed by the City details the various encounters between the attorneys. Finally, on January 4, 1989, the trial judge issued an order he termed "an extraordinary order" requiring production of documents at 9:00 a.m. the next day in the jury room of his court. When the documents were produced, they were in such disarray that the trial judge ordered that they be placed "in some recognizable form." After this order, A M and the Shabani brothers filed the second case. There is no evidence in the record to support the claims made by the pleadings in that case. The trial court did not err in holding that that case was filed without substantial justification.
The motion to dismiss filed in case 89395 is denied, and the judgment of the trial court in each case is due to be affirmed.
89-394 AFFIRMED.
89-395 MOTION TO DISMISS DENIED; AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.