This matter was here once before on an appeal and a cross-appeal. Tidwell v. Waldrop, 554 So.2d 1009 (Ala. 1989). Frank and Betty Tidwell had sued attorneys Hugh Don Waldrop and John B. Butts in a legal malpractice action. As to the appeal, we affirmed the trial court's summary judgment entered in favor of the defendants. As to the cross-appeal brought by defendant Butts, we remanded for treatment of an issue concerning the adequacy of the amount of attorney fees awarded to Butts by the trial court. The evidence was *Page 244 
undisputed that Butts had incurred attorney fees of more than $3,000 in defending the suit. The trial court awarded Butts $500, pursuant to the Alabama Litigation Accountability Act, Ala. Code 1975, § 12-19-270 et seq.
The remand order directed the trial court to reconsider the award of attorney fees and to set forth, in a statement, its reasons both for the award and for the amount to be assessed, as required by § 12-19-273.
Section 12-19-273 specifically requires a trial court to consider, among other factors, those set out in the statute and requires a trial court to recite in its order its reasons for awarding attorney fees and costs. The Colorado Court of Appeals, in interpreting a statute similar to § 12-19-273, said that a trial court was required to consider:
 "(1) the extent of any efforts made to determine the truth of a claim before asserting it, or the efforts to support it during pretrial proceedings, or both; (2) the extent to which the party has made available facts to indicate his nonliability for any money damages; (3) the financial conditions of the parties; (4) whether a party has prosecuted or defended the case in bad faith or abused the Rules of Procedure; and (5) whether there were disputed questions of fact concerning a party's liability."
Ruffing v. Lincicome, 737 P.2d 440, 441 (Colo.App. 1987). The Colorado court went on to hold that "[a] party does not have an absolute right to attorney fees incurred, but rather is entitled only to the reasonable attorney fees which the court, in its discretion, deems just." Id. at 442 (citing Colo. Sess. Laws 1977, ch. 189, §§ 13-17-101 and -102).
The Alabama Litigation Accountability Act is similar to the Colorado act and allows a trial court to assess reasonable attorney fees and costs when the court determines that an action, claim, or defense is without substantial justification, in whole or in part. § 12-19-272(a). A trial court has discretion in determining the amount of an award; however, it must specifically set forth the reasons for its award. §12-19-273. Section 12-19-273 lists the factors the trial court must consider. Those factors basically fall into five groups: (1) those dealing with whether the plaintiff or the plaintiff's attorney made a reasonable inquiry prior to and after commencement of the suit, see id. (1), (2), (10), (11), (12); (2) one dealing with the availability of facts to the plaintiff or the plaintiff's attorney, see id. (3); (3) one dealing with the financial position of the parties, see id. (4); (4) one dealing with whether there were factual issues "reasonably in conflict," see id. (6); and (5) one dealing with whether the plaintiff or the plaintiff's attorney acted in bad faith or with a lack of good faith, see id. (5), (8). The Alabama statute also requires the court to consider the extent to which the party seeking an award of attorney fees prevailed, see id.
(7), and the relationship between the amount or conditions of an offer of judgment or settlement and the amount or conditions of the ultimate relief granted, see id. (9).
In its order on remand, the trial court considered each relevant factor and found that the action should never have been instituted against Butts and certainly should have been dismissed after commencement. The evidence presented by Butts as to the amount of his attorney fees (over $3000) was not contested, and the trial court, on remand, awarded Butts $3,125 for his attorney fees, to be paid by the plaintiffs' attorney.[1]
The question presented by the present appeal is whether the trial court abused its discretion as to the amount of the award. We find that the trial court did not abuse its discretion. We further find that the trial court's entry of the statement required by § 12-19-273 is adequate compliance with our remand order and with § 12-19-273. *Page 245 
The trial court's order awarding attorney fees is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, STEAGALL and INGRAM, JJ., concur.
[1] This appeal was brought in the name of the plaintiffs. In an appeal from awards of attorney fees brought under the Alabama Litigation Accountability Act assessed against the attorney only, it is proper to bring the appeal in either the attorney's name or the name of the party he was representing at the time attorney fees were assessed against him.