The issue in this case is whether the trial court properly entered a summary judgment against a legal malpractice claim.
The law firm of Hartman, Fawal Spina sued Don Rice and Larry Moore for unpaid charges for legal services in the amount of $5,050. Rice and Moore filed a counterclaim against the firm alleging legal malpractice. The firm filed a motion for summary judgment, which was supported by an affidavit prepared by John L. Hartman, in which he disclaimed any negligence. In the affidavit Hartman stated, in part:
 "I am of the opinion that the subject professional services administered by the undersigned and/or the law firm of Hartman, Fawal Spina, were in accordance and conformity with the generally accepted standards, customs, and practice of attorneys as they existed at the time, under the same or similar circumstances in the City of Birmingham, Jefferson County, Alabama, and the legal community."
Rice and Moore filed nothing in opposition to the motion for summary judgment and filed no counter-affidavit. The trial judge entered a summary judgment against the counterclaim, on the ground that the counterclaimant had offered no expert testimony to indicate negligence on the part of the attorney. The court made that summary judgment final pursuant to Rule 54(b), A.R.Civ.P.
A similar fact situation was presented to this Court in the case of Phillips v. Alonzo, 435 So.2d 1266 (Ala. 1983), cert.denied, 464 U.S. 984, 104 S.Ct. 430, 78 L.Ed.2d 363 (1983). In that case, a criminal defendant brought a legal malpractice action against his trial and appellate attorneys. Both attorneys filed motions for summary judgment with supporting affidavits stating that they had not been negligent in their representation of their client. The plaintiff's opposing affidavit merely restated the allegations in his complaint. In upholding the defendants' summary judgment, this Court stated:
 "The affidavits of Quinlivan and Alonzo related to the science of their profession, and therefore were proper subjects for expert testimony. Liner v. Temple, 373 So.2d 638 (Ala. 1979). For Phillips to succeed in the motion for summary judgment filed by the attorneys, he must have come forward with expert testimony to show negligence on the part of the attorneys. This he did not do, and there is no genuine issue of material fact for trial. Therefore, summary judgment was appropriate under Rule 56(e), A.R.Civ.P."
435 So.2d at 1267. See also, Tidwell v. Waldrop, 554 So.2d 1009
(Ala. 1989).
Because Rice and Moore failed to oppose the defendant's properly supported summary judgment motion with expert testimony indicating negligence on the part of their attorney, the trial court correctly held that there was no genuine issue of material fact for trial. Therefore, the trial court properly granted the defendant's motion for summary judgment. Rule 56(e), A.R.Civ.P.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur. *Page 466