INGRAM, Justice.
Jessie Edward Williams appeals from a judgment of the trial court dismissing his complaint. Williams’s complaint arose out of a traffic accident that took place in Wilcox County in March 1973. A prior personal injury lawsuit stemming from the accident was settled in 1974. Williams also settled a workmen’s compensation action against his employer, Capps Trailer Sales, at the time of the accident.
Williams’s complaint in the present suit alleges “newly discovered evidence of fraud on an implied contract” that led to his injuries in the 1973 accident. The complaint named nine parties as defendants, including Capps Trailer Sales and its owner Huey Capps; James Chester Ryan, who was the driver of the other vehicle involved in the accident; and Associated Milk Producers, Inc., and Burnis C. Barton, doing business as Lakeland Farms Company, the owners of the other vehicle. Williams also named Reliance Insurance Company, Alfa Insurance Company, and Guarantee Insurance Company, which allegedly insured the various defendants. Each of the defendants filed a motion for dismissal, and, after hearing oral argument on the motions, the trial court granted each defendant’s motion.
Initially, we note that each of the appel-lees, in addition to filing its appeal brief with this Court, filed a motion to dismiss Williams’s appeal. Those motions that have not been previously ruled upon by this Court are hereby denied.
Addressing now the merits of this appeal, we note that although a number of issues are raised, the dispositive issue as to all of the parties is whether Williams’s cause of action is barred by the statute of limitations.
Generally, actions based on personal injury must be brought within two years of the occurrence that caused the injury. See § 6-2-38(1), Ala.Code 1975. However, § 6-2-3 provides that in actions seeking relief on the ground of fraud, the claim is not considered as having accrued until the discovery by the aggrieved party of the fact constituting fraud, after which the party has two years within which to prosecute an action.
Here, Williams alleged in his complaint that the facts giving rise to this action were discovered in February 1990 when, he says, the evidence in the case was “re-evaluated.” However, all of the evidence upon which the instant action is based has been in existence and has been at Williams’s disposal since 1973. For example, the depositions upon which the complaint is based in part, including Williams’s own deposition, were taken almost 17 years ago. Furthermore, both the pictures and the depositions termed by Williams “newly discovered” were generated during the discovery phase of Williams’s 1973 personal injury lawsuit and were readily available to Williams’s counsel in that case.
The purpose of § 6-2-3 is not to toll the statute of limitations pending a “re-evaluation” of known facts. Therefore, we conclude that the tolling provisions of § 6-2-3 do not apply to this action. Where a complaint, on its face, demonstrates that the cause of action is barred by the statute of limitations, and the tolling provisions do not apply, dismissal is proper. See Archie v. Enterprise Hosp. & Nursing Home, 508 So.2d 693 (Ala.1987); Miller v. SCI Systems, Inc., 479 So.2d 718 (Ala.1985).
The judgment of the trial court dismissing the appellant’s complaint is due to be affirmed.
MOTIONS TO DISMISS DENIED; AFFIRMED.
ALMON, ADAMS and STEAGALL, JJ., concur.
HORNSBY, C.J., concurs in the result.