This case involves an appeal and two cross-appeals from a judgment of the trial court granting attorney fees and costs under the Alabama Litigation Accountability Act, §§12-19-270 through -276, Ala. Code 1975.
On March 12, 1990, Jessie Edward Williams, through his attorney, Julia McCain Lampkin Asam, filed a complaint in the Circuit Court of Dallas County, seeking damages as a result of a motor vehicle accident that had occurred in March 1973. Williams alleged "newly discovered evidence *Page 1274 
of fraud on an implied contract" that led to his injuries in the 1973 accident. The complaint named numerous parties as defendants, including Capps Trailer Sales and its owner Huey Capps (Capps); James Chester Ryan, the driver of the other vehicle involved in the accident; and Burnis C. Barton, the owner of the other vehicle. Williams also named Guarantee Insurance Company (Guarantee), Reliance Insurance Company (Reliance), and Alfa Insurance Company (Alfa), which allegedly insured the various defendants. Each of the defendants filed a motion for dismissal, asserting a number of defenses, including the running of the two-year statute of limitations that normally applies to personal injury claims. See §6-2-38(l), Ala. Code 1975. Williams maintained, however, that his action had not accrued until his discovery of "new" evidence of fraud in February 1990 and that, pursuant to § 6-2-3, Ala. Code 1975, he had two years from that date within which to prosecute his action. After hearing arguments by the parties, the trial court granted each defendant's motion for dismissal in an order dated July 23, 1990. Williams's motion to reconsider was heard on October 4, 1990, and overruled by operation of law after 90 days.
Williams appealed to the supreme court, which affirmed the judgment of the trial court on the ground that Williams's action was barred by the statute of limitations. Williamsv. Capps Trailer Sales, 589 So.2d 159 (Ala. 1991). In its written opinion the supreme court concluded that Williams had based his fraud action solely on his "re-evaluation" of evidence that had "been in existence and [had] been at Williams's disposal since 1973." Id. at 160. The court stated that
 "[t]he purpose of § 6-2-3 is not to toll the statute of limitations pending a 're-evaluation' of known facts. Therefore, we conclude that the tolling provisions of § 6-2-3 do not apply to this action. Where a complaint, on its face, demonstrates that the cause of action is barred by the statute of limitations, and the tolling provisions do not apply, dismissal is proper."
Id. at 160 (citations omitted).
The record shows that following the trial court's dismissal of Williams's action and prior to the supreme court's ruling on appeal, each defendant filed a motion with the trial court seeking attorney fees and costs pursuant to the Alabama Litigation Accountability Act. After the supreme court decidedWilliams, the defendants amended their motions to include the costs of participating in the appeal. Attached to the defendants' amended motions were affidavits itemizing their attorneys' billable time, hourly charges, and expenses.
On April 6, 1992, the trial court entered an order finding that Williams's action had been filed without justification and assessing attorney fees against Williams's attorney, Asam, pursuant to the provisions of the Litigation Accountability Act. Asam was ordered to pay attorney fees of $1,000 to each of six law firms representing defendants in Williams's action.
Asam appeals from the judgment of the trial court, contending that the award of attorney fees was inappropriate.[1] Two of the defendants, Capps and Guarantee, cross-appeal, contending that the amount of fees awarded to the firms representing them was inadequate and arbitrary in light of the evidence before the trial court.
As an initial matter, we note that Asam appears to argue in her brief that she received inadequate notice of the defendants' intent to proceed against her under the Litigation Accountability Act and that she was deprived of due process when the trial court ultimately ruled on the defendants' motions for attorney fees. However, a review of the record reveals that by August 1990 all defendants had filed motions or otherwise notified Asam of their intent to seek attorney fees under the statute. According *Page 1275 
to the case action summary, these motions were scheduled for argument before the trial court on October 4, 1990, and were taken under advisement on that date. The trial court thereby reserved its jurisdiction to later rule on the motions for fees. Notwithstanding Asam's assertions to the contrary, we find that there is no evidence in the record indicating that Asam was deprived of notice.
The Alabama Litigation Accountability Act permits a trial court to award attorney fees and costs when the court determines that an action, claim, or defense has been asserted "without substantial justification." § 12-19-272, Ala. Code 1975. Such fees may be assessed against the offending attorneys or parties, or both. § 12-19-272(b). The court is required to set forth specifically the reasons for the award, considering, among other things, the factors enumerated in § 12-19-273.
The trial court's order read, in part, as follows:
 "WHEREAS, on May 28, 1990, this Court heard Motions to Dismiss by all defendants in the above styled case and entered an Order granting all Motions to Dismiss because [the] Statute of Limitations had run and thereafter heard Plaintiff's Motion to Reconsider the Dismissal of All Defendants on October 4, 1990, and same being overruled by operation of law, and
 "WHEREAS this case was appealed to the Supreme Court of the State of Alabama, who affirmed the decision of this Court, and
 "WHEREAS, the various defense attorneys in this cause have given notice and filed claims under the Alabama Litigation Accountability Act, and the Court having considered same and the factors set out to be considered in Section 12-19-273 of the Code of Alabama 1975, the Court finds as follows:
 "1. That the plaintiff's attorney apparently made no effort to determine the validity of any action or claim before it was asserted. That she made no efforts to reduce the number of claims asserted or to dismiss claims that had been found not to be valid. All facts were available to the plaintiff's attorney. With two exceptions, all defendants are financial institutions or businesses while the plaintiff is a disabled man with apparently little or no funds. The Court finds no evidence of bad faith or improper purpose by the plaintiff in filing the suit and no apparent issues were in conflict.
 "2. The plaintiff was unable to prevail on any complaint against any defendant in this cause. There was no attempt to establish any new theory of law. There were no offers of judgment by any defendant as all defendants asserted the same defense of Statute of Limitations and accord and satisfaction and all Motions to Dismiss were granted.
 "3. The Court finds that there was little or no reasonable effort to determine, prior to the filing of any action or claim, that all the parties were proper parties owing any legally defined duty to the plaintiff. Although two insurance company defendants asserted that they had never insured anyone involved in this accident, the plaintiff's attorney persisted in her prosecution of the case.
 "4. For the foregoing reasons, the Court finds that the attorney for the plaintiff in this cause continued to prosecute an action for which she had no hope of recovery and therefore under the Alabama Litigation Accountability Act finds that the Motions to Grant Attorneys' Fees and Costs are due to be granted for each and every defendant and attorney fees are assessed against the plaintiff's attorney, Julia McCain Lampkin Asam, and in favor of the [defendants'] law firms. . . ."
An award of attorney fees under the Litigation Accountability Act is within the sound discretion of the trial court. A M Grocery, Inc. v. Lopez, 567 So.2d 261 (Ala. 1990). As required by § 12-19-273 of the statute, the trial court set forth in its order substantial reasons for awarding attorney fees, and we find, insofar as the court established the grounds for awarding such fees under the statute, that the court properly exercised its discretion. A review *Page 1276 
of Williams's complaint and brief — and the ultimate judgment by the supreme court in Williams,589 So.2d 159 — supports the trial court's determination that Asam continued to prosecute an action for which she had no hope of recovery. An attorney making a reasonable inquiry into the facts and the law should have realized that the action was time-barred. Suffice it to say that we also agree with the trial court's findings that Asam apparently made no effort to determine the validity of any action or claim before asserting it and that she made no effort to reduce the number of claims that had been found not to be valid. It appears that Asam had the facts available to assist her in determining the validity of her claims. Further, Asam failed to articulate a basis for her continued prosecution of the case against the insurance company defendants who asserted that they did not insure any party involved in the automobile accident.
In its cross-appeal Capps contends that the trial court's award of $1,000 to each of the two law firms representing it was arbitrary inasmuch as it had filed affidavits stating that it had incurred total expenses of $6,070.38 from the two firms. It maintains that the reasonableness of these expenses was never disputed and that there was no evidence that the fees asserted were not in fact the exact amount of litigation expenses. Guarantee also cross-appeals, on much the same grounds, asserting that an award of $1,000 was arbitrary in view of the fact that it presented by affidavit undisputed evidence that it had incurred $7,400.24 in litigation expenses.
The case is remanded. Although, as we have indicated, the trial court complied with § 12-19-273 by setting forth substantial reasons for the award of attorney fees, we read § 12-19-273 and the pertinent case law to require that the trial court also state the reasons for the amount awarded.See, e.g., Tidwell v. Waldrop, 554 So.2d 1009
(Ala. 1989). This seems especially appropriate where, as in the case sub judice, the amount of attorney fees was uncontested and there was such a significant difference between the undisputed averments in the accompanying affidavits and the fees actually awarded.
In view of the foregoing, we affirm the judgment of the trial court as to the defendants Ryan, Barton, Alfa, and Reliance. Further, the judgment of the trial court with respect to the defendants Capps and Guarantee is affirmed insofar as Asam was adjudged liable for their attorney fees. The case is remanded with instructions to the trial court to reconsider the amount of attorney fees awarded to Capps and Guarantee and to issue a statement of the reasons for the amount in compliance with § 12-19-273.
Alfa and Reliance ask this court to grant them attorney fees pursuant to the Litigation Accountability Act for expenses they have incurred in defending this suit on appeal. Each party represents in its brief that the law firm representing it has expended a minimum of 10 hours, billed at an hourly rate of $85. Asam does not contest these representations, and we find the representations to be reasonable. In view of the factual background of this case, we conclude that Asam brought this appeal without substantial justification. Further, we adopt for our findings the portion of the trial court's order setting forth the reasons for the court's determination that the action was without substantial justification. Accordingly, pursuant to the provisions of the Litigation Accountability Act, we assess attorney fees against Asam and in favor of Alfa and Reliance in the amount of $850 for each defendant.
Capps also asks for attorney fees under the Litigation Accountability Act for expenses it has incurred in its defense in this appeal and in pursuing its own cross-appeal from the trial court's judgment. However, at this time we defer our ruling on Capps's request pending the judgment of the trial court on remand.
AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.
[1] The appeal was actually brought in Williams's name. In an appeal from an award of attorney fees under the Alabama Litigation Accountability Act assessed against the attorney only, it is proper to bring the appeal in either the attorney's name or the name of the party she was representing at the time attorney fees were assessed against her. Tidwell v.Waldrop, 583 So.2d 243 (Ala. 1991). *Page 1277