RICHARD L. HOLMES, Retired Appellate Judge.
The trial court assessed attorney fees and costs pursuant to the Alabama Litigation Accountability Act, Ala.Code 1975, §§ 12-19-270 through -276, in favor of Capps Trailer Sales, Inc., and Huey H. Capps, individually, and as owner (collectively referred to as Capps), and Guarantee Insurance Company (Guarantee).
The attorney against whom the fees and costs were assessed appeals. This court has jurisdiction of this case pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
This case has experienced a long journey.
This court previously determined that the attorney violated the Litigation Accountability Act and was liable to Capps and Guarantee for their attorney fees. For a complete understanding of the background of this appeal, see Williams v. Capps Trailer Sales, Inc., 607 So.2d 1272 (Ala.Civ.App.1992).
This court remanded Williams to the trial court, with instructions “to reconsider the amount of attorney fees awarded to Capps and Guarantee and to issue a statement of the reasons for the amount in compliance with § 12-19-273.” 607 So.2d at 1276.
After remand, Guarantee submitted evidence that its fees and costs totalled $11,-097.17. Capps submitted evidence that its fees and costs totalled $11,520.97. The record indicates that Capps and Guarantee mailed to the attorney copies of the evidence submitted to the court. No evidence was presented by the attorney.
The trial court issued an order in compliance with this court’s prior mandate, granting the amounts claimed by Capps and Guarantee. The attorney appeals from that order.
*252 The attorney attempts to present certain issues to this court; however, the dispositive issue is whether the trial court acted properly in entering the award in favor of Capps and Guarantee.
The attorney did not dispute the amounts claimed by Capps and Guarantee. It is clear that the trial court had no choice but to act on the undisputed evidence before it. As previously noted, the trial court had already been ordered by this court to reconsider the awards to Capps and Guarantee in light of the affidavits setting out the amount of litigation expenses incurred.
In issuing that mandate, this court admonished:
“[W]e read § 12-19-273 and the pertinent case law to require that the trial court also state reasons for the amount awarded. This seems especially appropriate where, as in the case sub judice, the amount of attorney fees was uncontested and there was such a significant difference between the undisputed averments in the accompanying affidavits and the fees actually awarded.”
607 So.2d at 1276 (citations omitted).
Pertinent ease law is Freeman Wrecking Co. v. City of Prichard, 530 So.2d 235 (Ala.1988). That case concerned an award of attorney fees made pursuant to an indemnity agreement. In assessing the amount of fees to be awarded, the trial court had before it only an itemized billing statement showing over $18,000 in fees. Even so, the trial court granted only $8,450 to the prevailing party.
The supreme court, based on its observation that “[t]he reasonableness and accuracy of the charges reflected in the statement are undisputed,” held:
“There was no other evidence before the trial court as to the value of the legal services rendered. Thus, it is clear that the award of the trial court is not supported by the evidence. We find that counsel for Freeman Wrecking is entitled to the sum of $18,675.”
Freeman, 530 So.2d at 238.
In the instant case there was no evidence before the trial court as to the amount of attorney fees and costs incurred by Capps and Guarantee beyond that submitted by Capps and Guarantee. This undisputed evidence showed $11,520.97 in reasonably incurred litigation expenses was due Capps and $11,097.17 in reasonably incurred litigation expenses was due Guarantee.
We note, as did the trial court in its order, that the attorney did not, in eight months, ever deign to dispute the amount of the submitted litigation expenses. She should not be heard to do so now.
In view of the above, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.