HOUSTON, Justice.
Ronnie Earl Peoples, pro se, sued George A. Nassaney, Jr., alleging legal malpractice. Nassaney moved for a summary judgment, supporting his motion with an affidavit in which he disclaimed negligence. Peoples contends that before the trial court set a date for a hearing on that motion, he had served interrogatories on Nassaney and had filed a copy of the interrogatories with the clerk of the court, and he contends that these interrogatories were unanswered when the court entered the summary judgment for Nassa-ney. Before the summary judgment was entered, Peoples had moved for a continuance of the hearing for what he says in his brief to this Court were “specific reasons ... all relevant to securing legal documents, and/or information to show genuine issues in dispute.” At the hearing on the motion, the trial court denied Peoples’s motion for a com tinuance and entered a summary judgment for Nassaney. Peoples appeals. We affirm.
Peoples contends that the trial court erred in entering the summary judgment for Nassaney because discovery was outstanding and because Nassaney’s affidavit in support of his motion for summary judgment did not make a prima facie showing of the absence of a genuine issue of material fact.
Peoples moved for a continuance of the hearing on Nassaney’s motion for summary judgment because, (Peoples said, “to hold hearings on [the] motion for summary judgment, prior to discovery being taken [when Nassaney had not answered the interrogatories and when Peoples intended to file for other discovery], would be inappropriate.” However, Peoples did not move to compel production or to compel answers to interrogatories, and the interrogatories are not in the record. See, Reeves v. Porter, 521 So.2d 963 (Ala.1988). Nothing in the record indicates that the interrogatories were filed except the statement in Peoples’s motion for a continuance, and nothing in the record indicates that *880 the matters he sought to discover were crucial.
“The mere pendency of discovery does not bar summary judgment. If the trial court from the evidence before it, or the appellate court from the record, can ascertain that the matter subject to production was crucial to the non-moving party’s case or that the answers to the interrogatories were crucial to the non-moving party’s case, then it is error for the trial court to grant summary judgment before the items have been produced or the answers given. However, the burden of showing that these items are crucial is upon the non-moving party. He can do so by complying with Rule 56(f), Ala.R.Civ.P., Water View Developments, Inc. v. Eureka, Inc., 512 So.2d 916 (Ala.1987), Rule 56(f) provides:
‘Should it appear from the affidavits of a party opposing the motion that he cannot for „ reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.’ A pending motion to compel production and a motion to compel answers to interrogatories, which has been granted when the .evidence before the court clearly shows that the evidence sought is crucial to the non-moving party’s case, have been held sufficient [to comply] with’ Rule 56(f). However, when no such crucial evidence would be supplied by the production or by the answers to the interrogatories, it is not error for the trial court to grant summary judgment with discovery pending.... The burden is upon the non-moving party to comply with Rule 56(f) or to prove that the matter sought by discovery is or may be crucial to the non-moving party’s case.”
Reeves v. Porter, supra, 521 So.2d at 965 (citations omitted).
Furthermore, Nassaney supported his motion for summary judgment with an affidavit from him, as an expert, stating that he “provided Peoples with competent legal representation, at all times giving him the benefit of [Nassaney’s] experience, diligence, and skill as a criminal defense attorney.” Peoples did not counter Nassaney’s affidavit with an affidavit of an expert, as required by Phillips v. Alonzo, 435 So.2d 1266 (Ala.1983), cert. denied, 464 U.S. 984, 104 S.Ct. 430, 78 L.Ed.2d 363 (1983), to prevent the entry of a summary judgment for Nassaney. See Tidwell v. Waldrop, 554 So.2d 1009 (Ala.1989); see, also, Bodana v. Brinkley, 614 So.2d 981 (Ala.1992).
The trial court properly entered the summary judgment for Nassaney.
AFFIRMED.
HORNSBY, C.J., and ALMON, KENNEDY and COOK, JJ., concur.